(33 App. Div. 134.)

## In re GARVEY.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

1. DEPOSITIONS—COMMISSION TO TAKE TESTIMONY—RIGHTS OF WITNESS.

If a commission to take testimony, issued from a court in another state, is presented to a justice of the supreme court, with an affidavit which satisfies him that the testimony of the witness is material to the party, the witness has no standing to question the sufficiency of the proof thus presented, to warrant the issuing of a subpœna.

2. SAME—MATERIALITY OF EVIDENCE.

The "proof by affidavit" of such materiality, called for by the statute (Code Civ. Proc. § 915), is only the formal proof usually called for in mere matters of practice, and a general allegation of materiality is sufficient to warrant the issuing of the subpœna.

3. SAME—AFFIDAVIT.

It is competent for a commissioner appointed by a court of another state to request an attorney here to procure a subpœna requiring the attendance of the witness, and for the attorney to make and present the requisite formal affidavit of materiality.

Appeal from special term, New York county.

In the matter of the application of Isaac Edward Garvey for the issuance of subpœnas. From an order denying the application of James D. Livingston to vacate a subpœna requiring him to appear before a commissioner appointed in the suit in the circuit court of Cook county, Ill., to be examined as a witness for defendant, Livingston appeals. Affirmed.

The commission was sent from Illinois to the respondent, Garvey, a notary public in this county and state. Mr. Garvey employed the firm of Seward, Guthrie & Steele to procure the proper subpœna for the examination of Mr. Livingston, and the matter was left with a gentleman in the office of that firm, Mr. Matthew T. Johnston. The commission was thereupon presented to a justice of this court, together with an affidavit of Mr. Johnston, in which he states, upon information and belief, that the testimony of the witnesses named in the commission was material to the defendants in the action, and necessary for the proper defense of the action. He then states the sources of his information as follows: "The sources of deponent's information, and the grounds of his belief, as to the materiality of the testimony of said witnesses, are correspondence had between Seward, Guthrie & Steele, Esqs., the said commissioner, Isaac Edward Garvey, Esq., and Winston & Meagher, Esqs., of Chicago, Ill., attorneys for the said defendant the People's Gaslight & Coke Company." Mr. Livingston moved to vacate the subpœna ma'nly upon the ground that this affidavit did not comply with the requirements of section 915 of the Code of Civil Procedure. He also claimed that the subpœna should be vacated because the commissioner, Mr. Garvey, was not disinterested, in view of the fact that he employed the attorneys in question to apply for the subpœna.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Lewis L. Delafield, for appellant.
William F. Sheehan, for respondent.

BARRETT, J. The papers which were presented to the justice were sufficient to confer jurisdiction upon that officer to issue the subpœna in question. The witness who was thus required to appear for examination under the foreign commission had no standing to question the sufficiency of the proof thus presented. So far as he is concerned, the statute was complied with, and the justice called upon to act, when the commission was presented to that officer, with an affidavit which satisfied him that the appellant's testimony was material to his adversary. The "proof by affidavit" of such materiality, called for by the statute, is not that strict legal evidence required in granting attachments, orders of arrest, and similar remedies of a severe character. Olcott v. Evans (Sup.) 4 N. Y. Supp. 703. It is rather the formal proof usually called for in mere matters of practice. To illustrate: In applying for a commission in this state, it must be made to appear by affidavit that the testimony of the witness sought to be examined is material to the applicant. Code, § 887. If that affidavit is made by the party, he is only required to state that the testimony of the witness is material, as he is advised by his counsel and verily believes. The affidavit may even be made by the attorney of the applicant, or by his agent, or by any other person cognizant of the facts. Beall v. Dey, 7 Wend. 513; Murray v. Kirkpatrick, 1 Cow. 210; Eaton v. North, 7 Barb. 631; Johnson v. Lynch, 15 How. Prac. 199. It has always been the rule that such a bare statement of materiality is prima facie sufficient, and that it is not necessary to specify the facts and circumstances which show that the examination of the witness is material and necessary. It certainly is not for the witness to criticise the proof of materiality as defective or insufficient. That should be left to the parties to the action. Even in very much more serious and important matters, as, for instance, in orders of publication, it has been held that a bare statement that the defendants, who were nonresidents, "cannot, after due diligence, be found within this state," was sufficient "to call upon the judicial mind to determine whether due diligence had been employed to find the defendants," and consequently that there was jurisdiction to grant the order. Kennedy v. Insurance Co., 101 N. Y. 487, 5 N. E. 774. The same rule has been applied where the jurisdictional facts were stated upon information and belief. Seiler v. Wilson, 43 Hun, 629; Belmont v. Cornen, 82 N. Y. 256. It is quite clear, therefore, that the general allegation of materiality made in the affidavit under consideration was sufficient to warrant the issuing of the subpœna, and certainly the witness has thereby been deprived of no substantial right.

The other points may be briefly disposed of. The original affidavit was properly made by an assistant of the attorneys employed by the commissioner to procure the subpœna. It is hypercritical to accuse the commissioner of prejudice because he acted for the party suing out the commission so far as to procure the necessary subpœna. If the law had authorized the commissioner to issue the subpœna, he could hardly be charged with partisanship for acting upon that authority.

It was quite competent for the commissioner to present his commission to a justice of the court, and ask for a subpœna. It was equally competent for him to request an attorney to do this for him. Such attorney could thereupon with entire propriety make and present a formal affidavit of materiality, which the statute says shall accompany the presentation of the commission.

Lastly, the attorney's affidavit, though upon information and belief, was sufficient to confer jurisdiction. But, even if his original statements were insufficient, the applicant had a right to answer the affidavits upon which the witness moved to vacate the subpœna, and they did so by further proof of materiality. It has been held that this was sufficient to sustain the subpœna. Olcott v. Evans (Sup.) 4 N. Y. Supp. 703.

The order denying the motion to vacate was therefore right, and should be affirmed, with $10 costs and disbursements. All concur.