William H. Zeltner, Individually and as Executor of Henry Zeltner, Deceased, Plaintiff, *v.* The Henry Zeltner Brewing Company, Defendant.

William B. Sutherland, as Receiver of The Henry Zeltner Brewing Company, Appellant; Yorkville Bank, Respondent.

Corporations — Resignation of Officers and Directors in Order to Procure Appointment of Receiver under Subdivision 3 of Section 1810 of Code of Civil Procedure, Illegal and Ineffective.  Where all the officers (except the secretary) and all the directors of an insolvent corporation resign for the express purpose of instituting an action to procure the appointment of a receiver of the corporation under subdivision 3 of section 1810 of the Code of Civil Procedure, which provides that a receiver of the property of a corporation may be appointed in " An action brought by the attorney-general, or by a stockholder, to preserve the assets of a corporation, having no officer empowered to hold the same," such resignations are neither legal nor effective, since this statute, although its language is broad enough to cover any case in which a corporation is without officers, was never designed to permit the officers of a corporation to abandon their posts of duty and abdicate their official functions for the express purpose of shifting their burdens to the shoulders of the courts; when the stock, effects and property of a corporation are not sufficient to pay all of its just demands or to afford a reasonable security to those who deal with it, or if for any other reason the interests of the stockholders require it, the officers of the corporation may ask for its dissolution and for the appointment of a receiver under

other statutes (Code Civ. Pro. §§ 2419-2423), in which case the officers are not required to resign, but the action is instituted in their official capacity.

*Zeltner* v. *Henry Zeltner Brewing Co.,* 79 App. Div. 136, affirmed. ·

(Argued March 16, 1903; decided March 31, 1903.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 24, 1903, which reversed an order of Special Term denying a motion to vacate or modify an order appointing a receiver of the property of the defendant and modified the order appointing such receiver.

The facts, so far as material, and the question certified are stated in the opinion.

*Henry A. Forster* and *Frederick P. Forster* for appellant. The court had jurisdiction to appoint a receiver of the property of the defendant corporation. (*Lawrence* v. *G. F. Ins. Co.,* 1 Paige, 587; *Murray* v. *Vanderbilt,* 39 Barb. 140; *Smith* v. *Danzig,* 64 How. Pr. 320; *Treadwell* v. *U. V. C. Co.,* 47 App. Div. 613; *Woerishoffer* v. *N. R. C. Co.,* 99 N. Y. 398; *MacNabb* v. *P. A. L. Co.,* 44 App. Div. 102; *Popper* v. *Supreme Council,* 61 App. Div. 405; *Hallenborg* v. *Greene,* 66 App. Div. 590; *Hegewisch* v. *Silver,* 140 N. Y. 414; *Graham* v. *R. R. Co.,* 102 U. S. 148.) The resignations of the defendant's officers were legal and effective. (*Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 1, 10; *Noble* v. *Euler,* 20 App. Div. 549; *Chandler* v. *Hoag,* 2 Hun, 613; 63 N. Y. 624; *Briggs* v. *Spaulding,* 141 U. S. 133; *Bruce* v. *Platt,* 80 N. Y. 379; *Carnaghan* v. *E. & P. O. Co.,* 11 N. Y. Supp. 172; *Amy* v. *Watertown,* 130 U. S. 301; 4 Thomp. on Corp. § 4611; *Smith* v. *Danzig,* 64 How. Pr. 320; *Brassey* v. *N. Y. & N. E. R. R. Co.,* 19 Fed. Rep. 663; 22 Blatchf. 72; Jones on Corporate Bonds & Mortgages [2d ed.], § 429.)

*Louis Marshall, Moses Weinman* and *Abraham Benedict* for respondents. The attempted resignations of the officers

and directors of the defendant, for the sole purpose of evading their official responsibility and throwing the corporation's property into the hands of a receiver, were illegal and ineffective and did not confer jurisdiction for the appointment of a receiver. (1 Morawetz on Priv. Corp. [2d ed.] §§ 563, 564; *C. Nat. Bank* v. *Colwell,* 132 N. Y. 250; *Sinclair* v. *Fuller,* 158 N. Y. 607; *Carnaghan* v. *E. & P. O. Co.,* 32 N. Y. S. R. 1117; *Decker* v. *Gardner,* 124 N. Y. 334; *Mabon* v. *O. E. Co.,* 156 N. Y. 196; High on Receivers [2d ed.], §§ 288, 289; *U. S. T. Co.* v. *N. Y., W. S. & B. R. R. Co.,* 101 N. Y. 478; *Hegewisch* v. *Silver,* 140 N. Y. 414; *Matter of B. G. E. Co.,* 143 N. Y. 261; *M. Co.* v. *Kaldenberg,* 165 N. Y. 1; *Noble* v. *Euler,* 20 App. Div. 549.)

Werner, J. This is a contest for priority between a judgment creditor and the receiver of the defendant corporation. The question at issue is whether the Appellate Division properly modified the order appointing the receiver herein, so as to permit the defendant Yorkville Bank to prosecute to judgment and collection its claim against the corporation. At Special Term the court denied the bank's motion to vacate or modify the order appointing the receiver, and at the Appellate Division this decision was reversed and the original order modified as stated. The proceeding comes to this court upon three questions certified by the Appellate Division, but as our answer to the first one will dispose of the only issue before us, we shall not deal with the others. The first certified question alluded to is as follows: " Were the resignations of the officers and directors (excepting the Secretary) of The Henry Zeltner Brewing Company, for the purpose of enabling this action to be brought, and a receiver of the property of the corporation to be appointed, legal or effective?" No intelligent answer to this question can be made without reference to the history behind the resignations therein mentioned.

The defendant corporation was organized in 1892. Its business was the manufacture and sale of beer and other malt beverages. Its capital stock was $300,000 divided into 3,000

shares of $100 each. The plaintiff was the holder, in his own right, of 500 shares, and the holder of 2,483 shares as executor under his father's will. Other members of the Zeltner family held 15 shares, and the remaining two shares stood in the names of employees. Prior to 1900 the business of the corporation had been profitable, but in that year it began to decline and thus continued until February, 1902, when the corporation owed $322,500 upon mortgages and taxes and $197,000 to unsecured creditors. Some of these debts had matured and were being pressed in amounts far in excess of the ready assets of the corporation. Actions had been commenced and others were threatened. These were the conditions, on February 1st, 1902, when all of the officers of the corporation, except the secretary, and all of the directors resigned their offices. Straightway this action was instituted upon a complaint in which the allegations of insolvency of the corporation are alternated by statements showing that if its affairs should be carefully administered under the direction of the court, enough might be realized to pay its creditors and stockholders in full, and which frankly declares that the officers and directors of the corporation deemed it their duty to resign so that the beneficent aid of the court could be invoked. Thereupon a receiver of the corporation was appointed under the provisions of section 1810 of the Code of Civil Procedure, which, so far as material here, reads as follows : " A receiver of the property of a corporation can be appointed only by the court, and in one of the following cases. \* \* \* (Subd. 3) : An action brought by the Attorney-General, or by a stockholder to preserve the assets of a corporation, having no officer empowered to hold the same."

The order appointing the receiver clearly shows that his duties and powers were not limited to the mere preservation of the corporate assets, but he was invested with all the ample powers usually conferred upon receivers in proceedings to dissolve corporations and wind up their business, and this with such good effect that at last accounts he was doing a very profitable business.

Subdivision 3 of section 1810, above quoted, seems to have no history anterior to 1870, when it was imported into the Code by chapter 151 of the laws of that year. In view of this lack of antecedents it is impossible to say much more of this subdivision than that it means just what it says. It was evidently intended to provide for the exigencies which must arise when a corporation is without officers to conduct its business or preserve its assets. Such a condition might grow out of one or more of any number of supposable causes which it will not be profitable to specify here. It is enough to say that, while the language of the subdivision is broad enough to cover every case in which a corporation is without officers, we do not think it was ever designed to permit the latter to abandon their posts of duty and abdicate their official functions for the express purpose of shifting their burdens to the shoulders of the courts. Officers of corporations are charged with certain duties, and among them is the primary duty of preserving their assets. To say that the legislature intended that such an obvious duty can be disregarded for the express purpose of inviting judicial interference in the conduct of corporate affairs, would be to impute to the law-making power a lack of both intelligence and morality, for such action would, in many instances, amount to a fraud upon the courts, upon stockholders, creditors and the general public. If the authority for the resignations under discussion is not created by the subdivision of the statute above quoted, it will be manifestly impossible to justify the action of the officers of the defendant corporation upon any other ground than that of their inherent right to resign.

The provisions of the Code relating to appointments of receivers in proceedings to dissolve insolvent corporations expressly confer upon the directors or officers of corporations, as such, the right to apply for the very relief which was, in effect, granted to the plaintiff herein. When the stock, effects and property of a corporation are not sufficient to pay all its just demands or to afford a reasonable

security to those who may deal with it, or if for any other reason the interests of the stockholders require it the officers of the corporation may ask for its dissolution and for the appointment of a receiver. (Chap. 17, tit. 11, secs. 2419–2423, Code Civ. Pro.) In such a case, as will be observed, the officers are not required to resign, but the action is to be instituted by them in their official capacity. There are other forms of actions, by and against corporations and their officers, in which receivers may be appointed, but they are not germane, and to cite them would serve to confuse rather than enlighten us in the consideration of the case at bar.

When we come to consider the general right of officers and directors of corporations to resign, we are at once reminded of the limitations of the question certified to us. We may admit, for the purposes of this discussion, that as a general rule such officers may resign at will, and that the validity of such resignations does not depend upon their formal acceptance. (*Manhattan Co.* v. *Kaldenberg*, 165 N. Y. 1; *Noble* v. *Euler*, 20 App. Div. 549.) But here the question is whether the resignations of all the officers and directors of the defendant corporation, "for the purpose of enabling this action to be brought and a receiver of the property of the corporation to be appointed," are legal and effective. As we have already said, we do not think the provisions of subdivision 3 of section 1810 of the Code were intended to cover such a case, nor do we believe, independently of the statute, that any rule of law or morals can justify the simultaneous resignation of all of the officers of a corporation for the purpose of enabling one of their number to go into court and say that the corporation is without officers to preserve its assets. In a close corporation like the one at bar such a proceeding may do no real harm, but it can easily be understood how much evil might result if it were to be engrafted upon the law of corporations. Indeed, the situation here furnishes a mild illustration of what might be possible if such omnibus resignations, made for such purposes, should receive the sanction of the courts. A corporation might be mismanaged almost, but not quite, to the

verge of insolvency, and then, when creditors become anxious and importunate, its unfaithful or inefficient officers could resign in a body and thus make their own wrong or incapacity a legal obstacle to the prompt and regular enforcement of just claims against the corporation. The law has gone far enough in the protection of corporations by providing that when they are insolvent, creditors may be compelled to accept ratable payment upon their claims; it should not go further and declare that, whether insolvent or not, corporations may escape or delay the payment of their just obligations.

Morawetz in his work on Corporations (Vol. 1, sec. 563) supports the view above expressed with the statement: "It seems clear, also, that directors cannot terminate their agency or accept the resignation of others if the immediate consequence would be to leave the interests of the company without proper care and protection." Two decisions in this state must be noticed, although neither is directly in point. In *Smith* v. *Danzig* (64 How. Pr. 320) Mr. Justice PRATT at Special Term held that the directors of a corporation may lawfully resign when it is evident that it is going from bad to worse, and when such action is necessary to secure a fair and equal distribution of the corporate property among creditors. It is to be noted that although that decision was made in 1883, it contains no reference or allusion to subdivision 3 of section 1810, which was first enacted in chapter 151, Laws of 1870, and that when it was made, and until 1889, there was no provision for the appointment of a temporary receiver in an action for the voluntary dissolution of a corporation. (L. 1889, chap. 314.) That case is, therefore, not an authority applicable to the present state of the law. In *Carnaghan* v. *Exp. & Prod. Oil Co.* (32 N. Y. St. Rep. 1121) Mr. Hornblower, as referee, quotes with approval the foregoing statement of Mr. Morawetz, but decided that the resignations then before the court were illegal upon other grounds.

Our conclusion is that the certified question above set forth must be answered in the negative, and, as that is decisive of

the case, the others need not be answered. As the order below is here only on the receiver's appeal, it must be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and CULLEN, JJ., concur.

Order affirmed.