## No. 9571.

THE PEOPLE EX REL *v*. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT.

1. DEPOSITIONS—*Stipulation to Take—Effect.* The stipulation of the parties to an action to take the deposition of a witness before a particular officer named dispenses with the necessity for the affidavit and notice required by the code, sec. 376. The officer named has full power to issue a subpoena, and disobedience thereof is contempt of the court.

2. *Objection of Witness,* that the action is a mere pretense, and the purpose of the stipulation merely to secure the deposition, for another purpose, will not be considered where prohibition is sought.

The witness whose deposition is sought cannot object for the absence of the affidavit and notice, required by the statute, when parties cannot.

*Petition for Prohibition.*

*En banc.*

Mr. O. N. HILTON, Mr. CAESAR A. ROBERTS, Mr. LESLIE M. ROBERTS, for petitioner.

Mr. FRANK E. HICKEY, for respondents.

Opinion by Mr. Justice Denison.

UPON petition for a writ of prohibition to the District Court of Denver, this court ordered the respondents to show cause as prayed, and directed the District Court to desist from further proceedings until the further order of this court. The respondents now move to quash.

The attorneys for the parties to a divorce suit in the court below stipulated to take the deposition of the petitioner before one Heinemann, a notary. He issued a *subpoena,* which the petitioner disobeyed. Upon citation, the District Court, Hon. Henry J. Hersey presiding, did not find her guilty of contempt, but ordered her to appear before the notary and give her testimony. The petitioner thereupon applied to this court to prohibit further proceedings upon the ground that the court below lacked jurisdiction, because the affidavit required by the code (Code 1908, § 376) and the notice, were not made or served as there provided, and that therefore the *subpoena* was void and the District Court had no power to order the petitioner to appear and testify.

Code 1908, § 381, reads as follows:

"Each and every person authorized and who may be required to take depositions in any case shall have power and authority to issue subpoenas, and, if necessary, to compel the attendance of all such witnesses as may be named by the commission, or by the parties litigant, where no commission is necessary, in the same manner and under the same penalty as is provided in other cases where witnesses are directed to be *subpoenaed*."

The notary, therefore, had full power to issue the *subpoena*. The court had jurisdiction over the subject matter of the cause before it and all the parties. The witness being brought before the bar to answer for disobedience of the notary's *subpoena*, the court might fine her, or, in the exercise of leniency, order her to obey the *subpoena*. The notice and affidavit in section 376 are for the benefit and protection of the opposite party, and the stipulation made them un-

necessary. The witness can not object when the parties can not. *In Re Garvey*, 33 App. Div., 53 N. Y. Suppl., 476.

It is argued that the statute must be strictly followed, because there were no depositions at common law (in this connection, however, see Code 1908, § 477), and, since the statute does not mention stipulations, that the proceeding by stipulation is unlawful, but in view of the fact that depositions on stipulation are much more common than by any other method, and are firmly imbedded in our practice, we can not say that such method is invalid, but must say that it is valid and proper and that a *subpoena* by a notary acting under stipulation is as good as if under an affidavit and notice.

It is objected that the divorce case is a pretense to get the evidence for another purpose. That is a matter for the court below and does not affect the jurisdiction; therefore, it will not be considered on the question of prohibition.

We do not think the Illinois cases cited by petitioner support her position. The Missouri cases are based upon statutes different from ours; but if they are contrary to the views herein expressed, we do not follow them.

The motion to quash is granted and the petition dismissed.

Decided June 2, A. D. 1919. Rehearing denied July 7, A. D. 1919.