HARRY I. PRANKARD, Plaintiff, *v.* LOUIS M. JOSEPHTHAL and Others, Defendants.

Supreme Court, Saratoga Special Term, July, 1922.

*Practice — examination of witnesses before trial — sufficient notice.*

MOTION to vacate notice for examination of witnesses.

*Thomas O'Connor, George E. O'Connor* and *Edgar T. Brackett,* for plaintiff.

*L. B. McKelvey,* for defendant L. M. Josephthal.

BORST, J. The defendant moves to vacate a notice under which plaintiff has taken the depositions of witnesses for use on

the trial of this action, mainly upon the ground that the notice does not state the issues upon which the persons named in it are to be examined. The notice was given and the depositions taken under section 290 of the Civil Practice Act. The notice stated that " The issues upon which said persons are to be examined are: All the issues raised by the plaintiff's complaint and the answers of the defendants  *  *  *  being substantially the allegations of paragraph 5th, 6th, 7th, 8th  *  *  *  35th, all of which are denied in whole or in part by the several answers of the defendants." This notice does not recite what these issues are but refers to the paragraphs in the pleadings as containing the issues upon which the persons named are to be examined. The Civil Practice Act does not state that " the issues " are to be specifically set forth. Reasonable notice of such issues, it is stated in the act, shall be stated in writing.

It will be noted that it was the examination of witnesses not parties that was sought and had in this proceeding. While the notice to be given for the examination of witnesses under the Civil Practice Act is the same in the case of a party as in the case of a witness not a party, yet the notice might be held to be sufficient in the one case and not in the other. A witness not a party is not supposed to be interested in the action. He needs no consultation with an attorney to protect himself or his interest as he is not presumed to have any interest in the action. Further, this motion is not made on behalf of any of the witnesses examined or to be examined, but by one of the parties to the action. Under the Code of Civil Procedure, section 873, limitations could be placed upon the examination of a party to an action before trial, but there was no limitation provided upon the examination of a witness not a party.

If these witnesses were examined upon the trial the defendants would not be entitled to any notice of the subjects upon which they were to be examined, and I am unable to see what harm can come to the defendants by the use of the present notice. It apprised defendants of the issues upon which the witnesses were to be examined. While perhaps it would have been the better practice to have copied from the pleadings the particular subjects on which the witnesses were to be examined, yet after much evidence has been taken under this notice, to hold now that it was not sufficient would be construing the Civil Practice Act in a different spirit from that suggested by its authors, namely, that under its provisions the practice of the law would be made cheap, easy and simple.

In *Buehler* v. *Bush*, 200 App. Div. 206, where a question was up relating to the examination of a party before trial, the court

says: " As compared with the Code of Civil Procedure, the Civil Practice Act proceeds upon an entirely new theory as to examinations before trial. * * * The procedure under the Civil Practice Act is not to be assimilated to the practice under the Code of Civil Procedure. The intent and purpose of the Civil Practice Act is to remove from proceedings of this character all procedural trammels."

The objection made, that after the giving of the names of a large number of witnesses to be examined, the notice states that other witnesses, not named, would be examined, is not important as such other witnesses could not be examined under the notice, and the reference or attempted reference to such witnesses is a nullity and must be treated as such. A draft order may be submitted denying the motion to vacate the notice, with costs.

A draft order may also be submitted in the same form denying the motion to vacate the notice as in the case of *Richmond* v. *Hercules Paper Corporation.*

Ordered accordingly. _____