MARCUS M. McCULLOUGH, as Trustee in Bankruptcy of FRANK AUDITORE, Bankrupt, Respondent, v. LOUISA AUDITORE (Otherwise Known as LULU AUDITORE), Defendant.

FRANK AUDITORE, a Witness, Appellant.

Second Department, December 4, 1925.

Depositions — contempt — motion under Civil Practice Act, § 299, to punish witness for failure to obey subpœna to appear for examination before trial — no defense that papers did not show plaintiff's right to examination under Civil Practice Act, § 288.

It is no defense to a motion under section 299 of the Civil Practice Act to punish a witness for contempt for failure to obey a subpœna to appear for examination before trial that the examining party has not shown that he is entitled to an examination under section 288 of the Civil Practice Act.

APPEAL by Frank Auditore from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 2d day of November, 1925, holding him in contempt for failure to obey a subpœna, and impos-

Second Department, December, 1925.          [Vol. 215

ing a fine and prison sentence in case of his failure to appear for examination before trial on the day set in the order.

*John B. Johnston,* for the appellant.

*Edward H. Wilson,* for the respondent.

Order punishing witness for failure to obey a subpœna affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice CROPSEY at Special Term.

KELLY, P. J., RICH, JAYCOX, MANNING and KELBY, JJ., concur.

The following is the opinion of the court below:

CROPSEY, J. During the pendency of this action, but before it was reached for trial, the plaintiff sought to take the testimony of a witness. He served a subpœna upon the witness and a notice upon defendant's attorney. The notice complied with the requirements of section 290 of the Civil Practice Act, stating the person before whom the testimony was to be taken, the time and place, the name of the witness and the matters upon which he was to be examined. The defendant made no motion to vacate the notice, as is provided. (Civ. Prac. Act, § 291.) The witness did not appear. Instead an attorney represented him and stated he had advised the witness that it was not necessary for him to answer the subpœna as his testimony could not be taken in the manner attempted. This motion is to punish the witness for contempt of court. The claim of the witness is that there was nothing in the notice of subpœna, or before the court, showing any right in the plaintiff to take his deposition, *i. e.,* that the witness was about to leave the State or resided more than 100 miles from place of trial or was sick or that " other special circumstances " rendered it proper. (See Civ. Prac. Act, § 288.) But this is no concern of the witness. The parties by consent could take the testimony of any witness, although none of the stated grounds existed. The plaintiff followed the manner prescribed by section 290, and as defendant did not move to vacate the notice she must be deemed to have acquiesced in or consented to the taking of the deposition. The witness, therefore, should have appeared and submitted to the examination. If defendant objected to the proceeding she should have moved to vacate the notice under section 291. (*Buehler* v. *Bush,* 200 App. Div. 206, 207; *Richmond* v. *Josephthal,* 203 id. 281.) Then the plaintiff would have been obliged to justify his right to have the deposition taken. Unless that right was thus challenged the plaintiff was not required to show that the examination came within the provisions of the statute. (*Lovasz* v. *Fowler,* 209 App. Div. 169, 170. See, also, *Prankard* v. *Josephthal,* 119

Misc. 860; affd., *sub nom. Richmond* v. *Josephthal,* 203 App. Div. 281.)   The witness is in contempt (see Civ. Prac. Act, § 299), but under the circumstances may purge himself by appearing for examination at a time to be fixed by the order to be entered, which should be settled upon notice.