[Civ. No. 6715. Second Appellate District, Division One.—October 25, 1929.]

SECURITY INVESTORS REALTY COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

William Ellis Lady for Petitioner.

Pacht, Pelton & Warne and William W. Leavitt for Respondents.

YORK, J.—■ Service of summons in an action was attempted to be made upon Security Investors Realty Company by delivery of copies of summons and complaint to Shirley E. Meserve, secretary of said company, more than a year after he had tendered his resignation in writing as secretary and director of said company, which resignation was deposited in the United States mail, directed to the Security Investors Realty Company and J. Meyer, president thereof.

Upon the entry of a default in such action against the said company, petitioner served upon plaintiff's counsel a notice of motion and special appearance requesting the court to quash the purported service of summons upon petitioner herein as a defendant in such action by such service had upon said Shirley E. Meserve. This notice of motion was made without making an appearance for any other purpose, said motion being supported by affidavits showing that Shirley E. Meserve, before the said service upon him as secretary of the said corporation, had resigned both as secretary and as director thereof. Upon a hearing of said matter, the court on or about the tenth day of June, 1929, did make and enter an order denying said motion. Thereafter, petitioner here petitioned this court for both a writ of review and a writ of prohibition, and this court issued an alternative writ of prohibition, only.

The whole question to be determined in this matter is whether or not the said Meserve was, at the time of the service of the said summons and complaint, secretary of or a director of said corporation.

Some point is made of the fact that in the by-laws of said corporation it is provided that "Each director shall serve for the term for which he shall have been elected and until his successor shall have been duly elected and have qualified . . . ," and also "The executive officers of the company shall be a president, vice-president, secretary and treasurer. The president, vice-president, secretary and treasurer shall be elected annually by the board, and shall hold office until their successors are appointed."

Quoting from 7 Ruling Case Law, page 427, section 416: "Resignation: An officer of a corporation may terminate his office by resignation, if the statutes, charter and by-laws impose no limitation thereon, and, in doing so, he need give no notice to the public nor to persons dealing with the corporation." (Citing *Zeltner* v. *Henry Zeltner Brewing Co.*, 174 N. Y. 247 [66 N. E. 810, 812, 95 Am. St. Rep. 574, and note therein].) "The fact that a statute requires directors, unless removed, to continue in office until their successors are appointed, does not prevent a director from resigning at any time." (Citing *Briggs* v. *Spaulding*, 141 U. S. 132 [35 L. Ed. 662, 11 Sup. Ct. Rep. 924, 931, see, also, Rose's U. S. Notes].) "Since an officer may resign, as

a rule, at pleasure, no action on the part of the corporation is essential to make his resignation effectual. Acceptance thereof by the directors or governing body is not required. When he tenders his resignation to the proper corporate authorities, to take effect immediately, the resignation is complete, although it is not acted on by the corporation or entered in its books. . . . ''

It was said in the cited case of *Zeltner* v. *Henry Zeltner Brewing Co., supra:* ''When we come to consider the general rights of officers and directors of corporations to resign, we are at once reminded of the limitations of the question certified to us. We may admit, for the purposes of this discussion, that, as a general rule, such officers may resign at will, and that the validity of such resignations does not depend upon their formal acceptance.''

Quoting from *Briggs* v. *Spaulding, supra:* ''The resignation was orally tendered to the president and manifestly accepted by him, since the sale of the stock was made at the same time, and the president informed the cashier of the fact a few days afterwards. Putting a resignation in writing is the more orderly and proper mode of procedure, but if the fact exists, and is adequately proven, the result is necessarily the same as applied to this case. We do not understand that because section 5145, Revised Statutes [12 U. S. C. A., sec. 71], provides that directors shall hold office for one year, and until their successors have been elected and have qualified, this prohibits resignations during the year; and while the Banking Law is silent as to the time when and the method by which the office of director may be resigned, we think that leaves it as at common law, and that this resignation was effective.''

It would therefore follow that the resignation of Shirley E. Meserve as secretary and as director was complete and effective, and therefore that service in this case had upon him as an officer of the corporation was the same as if made upon a stranger.

Let the peremptory writ issue.

Conrey, P. J., and Houser, J., concurred.