[Civ. No. 9665. First Appellate District, Division Two.—December 14, 1934.]

HAROLD L. ZELLERBACH et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Pillsbury, Madison & Sutro and Eugene D. Bennett for Petitioners.

Harry I. Stafford and Dean Cunha for Respondents.

SPENCE, J.—Petitioners seek by writ of mandate to compel the respondent court to set aside its order discharging an order to show cause directed to Arthur Zellerbach and further to compel said court to order said Arthur Zellerbach to testify as a witness upon the taking of a deposition.

 In an action brought by said Arthur Zellerbach as plaintiff against the petitioners and others as defendants, petitioners sought to take the deposition of said plaintiff. On June 1, 1934, petitioners obtained a subpoena from the county clerk upon the affidavit of Hugh R. Bolander, Jr., which subpoena directed said plaintiff to appear for the taking of said deposition on June 6, 1934. On the same day, June 1, 1934, notice of the taking of said deposition together with the affidavit of Eugene D. Bennett in support thereof were served upon counsel for plaintiff. Said notice was directed to plaintiff only. On June 5, 1934, an amended notice supported by the affidavit of Eugene D. Bennett was served upon counsel for plaintiff. Said amended notice was directed to plaintiff and also to the defendants other than petitioners, namely, Dorothy Johnson Zellerbach and Dorothy Ryan Zellerbach. An order shortening time for the service of the amended notice was obtained and said amended notice and the supporting affidavit were also served upon the defendant Dorothy Johnson Zellerbach on June 5, 1934. The defendant Dorothy Ryan Zellerbach had not appeared in said action and was not served with any of the papers. At the appointed time, plaintiff appeared before the notary public, but he refused to be sworn or to testify on advice of his counsel. Thereafter the notary filed his return and report of the disobedience to the subpoena. The respondent court issued an order to show cause, but upon the hearing thereof, discharged the same and refused to order said plaintiff to testify.

We are of the opinion that petitioners complied with the statutory requirements for the taking of said deposition and that the trial court should have ordered the witness to testify. We are further of the opinion that *mandamus* is the proper remedy. (*Christ* v. *Superior Court,* 211 Cal. 593 [296 Pac. 612]; *Crocker* v. *Conrey,* 140 Cal. 213 [73 Pac. 1006]; *Wissman* v. *Cabaniss,* 34 Cal. App. 487 [168 Pac. 150]; *Scott* v. *Shields,* 8 Cal. App. 12 [96 Pac. 385].)

 The first contention made by respondents is "that the subpoena was not issued in accordance with the law". We find no merit in said contention as the subpoena was issued "upon proper showing by affidavit" as required by section 1986, subdivision 3, of the Code of Civil Procedure.

 Said contention is closely related to the other conten-

tions of respondents, one of which is "that the affidavit upon which the subpoena was issued was itself insufficient in that it was not made by a party, or counsel of record, but was made by an associate of counsel of record". Respondents concede that they have found no authority to sustain their contention that it must be "an affidavit of someone directly connected with the case", and we believe that respondents seek to read into the code sections something which is not to be found therein or to be implied therefrom.

Respondents further contend "that the law required that a copy of the affidavit *upon which the subpoena was issued* be served upon all the opposing parties". This contention appears to be without merit. None of the code sections require that the affidavit upon which the subpoena is issued be served upon any of the parties. In fact, said affidavit must be filed with the county clerk in order to obtain the issuance of the subpoena. (Code Civ. Proc., sec. 1986, subd. 3.) In giving notice of the taking of a deposition under section 2031 of the Code of Civil Procedure, it is only required that "*an* affidavit" be served showing that the case falls within the provisions of section 2021 of the Code of Civil Procedure. While in practice the same affidavit may ordinarily be used to serve both purposes, the use of separate affidavits is not prohibited. If separate affidavits are used we are of the opinion that only the affidavit supporting the notice of the taking of the deposition need be served. We cannot agree with respondents' claim that where said section 2031 refers to "an affidavit", it must be construed to mean "the affidavit mentioned section 1986 upon which the subpoena is issued". In the present case, both affidavits were sufficient and it is immaterial that the affidavit filed to obtain the issuance of the subpoena was the affidavit of Hugh R. Bolander, Jr., while the affidavit served with the notice was the affidavit of Eugene D. Bennett.

Respondents make the further point that defendant Dorothy Ryan Zellerbach was not served with notice of the taking of the deposition or with any affidavit. Our attention is called to section 2031 of the Code of Civil Procedure requiring service upon the "adverse party" and to section 17 of the Code of Civil Procedure providing that "the singular includes the plural". From these sections respond-

ents argue that service was required upon all parties other than upon whose behalf the deposition was to be taken. We do not believe it necessary to pass upon the question of whether the plaintiff was entitled to raise such an objection. It is clear that in the event the deposition had proceeded, such deposition would not have been binding in any way upon any party not served with notice. Assuming, without deciding, that plaintiff could have raised the objection in the event that petitioners had failed to serve a party who had appeared in the action, we are of the opinion that no such objection was available to plaintiff where the unserved party had not appeared in the action. It is an admitted fact here that defendant Dorothy Ryan Zellerbach had not so appeared.

While we do not believe that it is necessary to invoke the rule of liberal construction in order to support the view that petitioners had complied with the statutory requirements, it may be noted that it has been held that the code sections relating to the taking of depositions should be liberally construed. (*Pollak* v. *Superior Court,* 197 Cal. 389, 393 [240 Pac. 1006].)

Let a peremptory writ of mandate issue as prayed.

Nourse, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1935.