[Civ. No. 11737. Second Appellate District, Division Two.—February 24, 1938.]

GOLDEN STATE CO., LTD. (a Corporation), et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Pillsbury, Madison & Sutro, Benjamin S. Parks, Gibson, Dunn & Crutcher, Norman S. Steery and H. F. Prince for Petitioners.

Hyman Goldman for Respondent.

WOOD, J.—Petitioners have applied for a writ of mandate commanding respondent superior court to order John H. Chamness to give his deposition.

Richmaid Creameries, Incorporated, were engaged in the business of processing milk and distributing butter and cheese on and prior to August 1, 1936. At that time a strike was threatened by the employees of Richmaid Creameries and, according to the allegations of the complaint hereinafter referred to, an agreement was made by Richmaid Creameries and the petitioners herein whereby it was agreed that if Richmaid Creameries would not accede to the demands of the ''Union'' the petitioners would refrain from soliciting or servicing any of the customers of Richmaid Creameries and would do certain things to assist Richmaid Creameries in conducting its business. · Thereafter a strike was called against Richmaid Creameries. John H. Chamness was the manager of Richmaid Creameries and as such conducted the negotiations which resulted in the making of the agreement with the petitioners. Richmaid Creameries, on September 6, 1936, filed a petition in the United States District Court for relief under section 77B of the Bankruptcy Act. An order was made by the court directing the liquidation of Richmaid Creameries and Chamness was appointed temporary trustee. On January 22, 1937, at a meeting of the creditors, L. Boteler was elected the trustee in bankruptcy.

An action was commenced in the superior court by L. Boteler as trustee of Richmaid Creameries against the petitioners herein on August 3, 1937, in which a large sum is sought to be recovered against the petitioners for damages for the breach of the alleged agreement concerning the threatened strike. The complaint bears verification under date of July 23, 1937, by John H. Chamness in which he stated that ''he was the managing officer of the Richmaid Creameries, Inc., of whose estate the plaintiff herein is Trustee in Bankruptcy; that the facts alleged in the herein complaint are within the knowledge of affiant having occurred while affiant was said managing officer and therefore makes this affidavit in place of plaintiff herein''.

The petitioners herein, defendants in the action commenced by L. Boteler as trustee in bankruptcy, filed answers and sought to take the deposition of Chamness. The parties to the action stipulated that the deposition might be taken

but upon the refusal of Chamness to voluntarily appear an affidavit was filed on behalf of the petitioners in the superior court and a subpoena was issued directing Chamness to appear before a notary public to give his deposition. Chamness appeared before the notary but refused to give his deposition on the ground that at the time of the filing of the complaint and ever since he had not been an officer or manager of Richmaid Creameries. Thereupon the petitioners sought an order from the superior court directing Chamness to give his deposition but the superior court refused to make such order.

It is provided in section 2021, subdivision 1, of the Code of Civil Procedure that the testimony of a witness may be taken by deposition "when the witness is a party to the action or proceeding or an officer, member, agent, or employee of a corporation, . . . ". It is the contention of the respondent that since the wording of the statute is in the present tense, the witness, being no longer manager of the corporation, cannot be compelled to give his deposition. To pass upon this contention we should consider the purposes for which the statute was enacted. It was undoubtedly the intention of the legislature to afford the parties to the litigation means of obtaining in advance of the trial information concerning the issues so that they might properly prepare for trial and avoid being taken by surprise by unexpected contentions. The purposes of the enactment would be defeated if a corporation litigant should be permitted to remove its officers or employees during the pendency of litigation and thus enable them to refuse to give depositions. In some situations such action would give an undue advantage to a corporation, especially if an individual were the opposing litigant. It has been held that an officer of a corporation may not resign or be removed for the purpose of preventing service upon such officer of process directed against the corporation. (*Inventions Corp.* v. *Hobbs,* 244 Fed. 430 [157 C. C. A. 56]; *Evarts* v. *Killingworth Manufacturing Co.,* 20 Conn. 447.) In *Zellerbach* v. *Superior Court,* 3 Cal. App. (2d) 49 [39 Pac. (2d) 252], it is stated that "the code sections relating to the taking of depositions should be liberally construed", citing *Pollak* v. *Superior Court,* 197 Cal. 389, 393 [240 Pac. 1006].

The unusual facts of the present litigation give especial force to the petitioners' application. The cause of action alleged

by Richmaid Creameries arose from an uncommon situation. The oral agreement negotiated by Chamness on behalf of Richmaid Creameries with a number of defendants was novel and difficult of execution. Manifestly, if the defendants in the action commenced on behalf of Richmaid Creameries are to receive the benefits of the section of the code in question they can do so only by taking the deposition of Chamness. He was in charge of the affairs of the corporation during all of the time covered by the litigation and remained in charge for a period after the commencement of the bankruptcy proceedings. After the appointment of the permanent trustee he was considered the proper party to verify the complaint. It is apparent that the legislature intended to provide for the taking of a deposition in a situation such as is here presented. To hold otherwise would be to deny to the petitioners a privilege which is accorded to others.

It is ordered that the peremptory writ issue.

Crail, P. J., concurred.

McCOMB, J., Concurring.—I concur in the conclusion of the majority of the court. However, it is with considerable reluctance that I am unable to agree with the reasoning of my learned associates. Section 2021, subdivision 1, of the Code of Civil Procedure provides in part that the testimony of a witness may be taken by deposition "when the witness *is* . . . an officer, member, agent, or employee of a corporation . . . "

As I read the majority opinion, it leads to one of two inevitable results: Either the court is (a) holding that "is" means "was" or (b) inserting in the statute the word "was", so as to make the section in question read, "when the witness is *or was* . . . an officer, member, agent, or employee of a corporation . . . " his deposition may be taken.

The third person, singular, present indicative of the verb "be" is "is", while the first and third person singular, past tense of the verb "be" is "was". The legislature has clearly used the present tense and not the past tense. Since at the time witness Chamness' deposition was taken, he was not an officer, member, agent, or employee of defendant corporation, he does not come within the purview of the statute as adopted by the legislature. Hence, I cannot agree that

subdivision 1 of section 2021, Code of Civil Procedure is applicable to the situation here presented.

*Inventions Corp.* v. *Hobbs*, 244 Fed. 430 [157 C. C. A. 56], and *Evarts* v. *Killingworth Manufacturing Co.*, 20 Conn. 447, are contrary to the law in this state as announced in *Security Investors' R. Co.* v. *Superior Court*, 101 Cal. App. 450 [281 Pac. 709].

Taking the other alternative, we find that under a well-established rule of law the court may not add or supply words to a statute, unless necessary to give effect to the clear intent of the legislature in its enactment, which rule is aptly stated by Mr. Justice Houser in *Estate of Garthwaite*, 131 Cal. App. 321, 324 [21 Pac. (2d) 465], thus:

"Equally as strong and imperative is the rule of law which in effect denies to courts authority in anywise to add, or to supply, words to a statute 'except for the most cogent reasons'." (Citing authorities.)

In *Estate of Barnett*, 97 Cal. App. 138, 142 [275 Pac. 453], Mr. Justice Nourse says:

"We may not, therefore, under the guise of interpretation, read into the statute matters which have been omitted by the legislature particularly where it appears that the omission might have been intentional."

The legislature has clearly expressed its intent by using "is" and not "was" in subdivision 1, section 2021, Code of Civil Procedure.

However, I believe the court's conclusion may be supported on two grounds:

First: In the present case the record discloses that Mr. Chamness, the witness, recognized the validity of the subpoena, attended at the time and place appointed for the taking of his deposition, was sworn, and submitted himself to examination as a witness without objection. As a result he thereby waived any objections which he might have to the taking of his deposition. This rule on a similar state of facts was announced in *Scott* v. *Shields*, 8 Cal. App. 12 [96 Pac. 385]. At page 15 Mr. Justice Burnett says:

"Another answer to the contention of respondent obviously is that the witness recognized the validity of the subpoena, attended at the time and place appointed, was sworn and submitted himself to examination as a witness without objection and he thereby waived any defect or irregularity in the issuance of said subpoena. A subpoena "is the process by

which the attendance of a witness is required. It is a writ or order directed to a person and requiring his attendance at a particular time and place to testify as a witness.' (Code Civ. Proc., sec. 1985.) The subpoena in the present instance was regular on its face, was issued out of a court of general jurisdiction, and it accomplished its purpose in producing the attendance of the witness; and conceding that the witness could have refused to be sworn or answer questions on the ground that he was present without authority of law, it should not require citation of authorities to maintain the position that he cannot now for the first time make the said objection to justify the action of respondent in declining to direct him to complete his deposition.''

Second: I believe the correct rule of law to be that, where parties to litigation stipulate to the taking of the deposition of a witness, even though he does not fall within the cases enumerated in section 2021 of the Code of Civil Procedure, the witness has no right to object to his testimony being taken, so long as it is material to any issue in the pending litigation. This view conforms to that of the courts of New York and Colorado. In *McCullough* v. *Auditore,* 215 App. Div. 89 [212 N. Y. Supp. 628, 629], the rule is thus stated:

'' . . . The claim of the witness is that there was nothing in the notice or subpoena, or before the court, showing any right in the plaintiff to take his deposition; i. e., that the witness was about to leave the state or resided more than 100 miles from place of trial or was sick or that 'other special circumstances' rendered it proper. See section 288, Civil Practice Act. But this is no concern of the witness. *The parties by consent could take the testimony of any witness, although none of the stated grounds existed.* The plaintiff followed the manner prescribed by section 290, and, as defendant did not move to vacate the notice, she must be deemed to have acquiesced in or consented to the taking of the deposition. The witness therefore should have appeared and submitted to the examination.'' (Italics mine.)

In *People* v. *District Court,* 66 Colo. 424 [182 Pac. 11], the rule is thus stated:

'' . . . The notice and affidavit in section 376 are for the benefit and protection of the opposite party, and the stipulation made them unnecessary. The witness cannot object when the parties cannot. (*In re Garvey,* 33 App. Div. 134 [53 N. Y. Supp. 476].)

"It is argued that the statute must be strictly followed, because there were·no depositions at common law (in this connection, however, see Code 1908, sec. 477) and, since the statute does not mention stipulations, that the proceeding by stipulation is unlawful; but, in view of the fact that depositions on stipulation are much more common than by any other method, and are firmly imbedded in our practice, we cannot say that such method is invalid, but must say that it is valid and proper, and that a subpoena by a notary acting under stipulation is as good as if under an affidavit and notice.''

*International Coal Min. Co.* v. *Pennsylvania R. R. Co.*, 214 Pa. 469 [63 Atl. 880], announces a contrary rule which is based, however, on a strict adherence to the common law and not upon a Code of Civil Procedure, such as is in effect in New York and California.

In the present case the parties to the action stipulated to the taking of witness Chamness' deposition. He, therefore, was not in a position, as I view the law, to refuse to testify.

There is no merit in the argument that the adoption of the foregoing rule would permit a witness to be unduly harassed, in view of the rule which obtains in this state that, before a witness may be punished for contempt for failure to give his deposition, he must be cited before the superior court and after a due examination by the judge as to the relevancy, materiality, and competency of his testimony, ordered to answer the questions propounded to him. (*Merrill* v. *Superior Court,* 33 Cal. App. 55 [164 Pac. 340].)