In the Matter of ANTHONY CHIURAZZO, Petitioner, against LEWIS J. VALENTINE, as Commissioner of the Police Department of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 7, 1943.

*Joseph P. Cantales* and *Francis X. Nicastro* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Morris Shapiro* of counsel), for respondents.

WALTER, J.   Petitioner is a member of the Police Department of the City of New York who has served for over twenty years and has contributed to the police fund on the basis of retirement after twenty years of service.   Subdivision a of section B18–6.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) provides that such a member upon his own application in writing " shall be retired " from the force and placed on the roll of the pension fund and awarded and paid a pension.   The Police Commissioner and the Board of Trustees of the Police Pension Fund have refused to retire petitioner, at least in the sense that they have deferred action on his application, and, stressing that his right is contractual (N. Y. Const. art. V, § 7), petitioner brings this proceeding to compel his retirement.

The circumstances which have led respondents to defer action are set forth in detail in respondents' answer and the accompanying affidavits.   Briefly stated, they are that the National Selective Training and Service Act of 1940 (U. S. Code, tit. 50, Appendix, § 301 *et seq.*) has brought about a situation with respect to available manpower which makes it impossible to maintain the Police Department at the strength necessary for safety in wartime and to obtain the replacements which would be necessary if immediate retirement were granted to all members who bring themselves within the words of the provision of the Administrative Code mentioned above.   In short, a Federal statute has worked what is in effect a prohibition against the City's use of men which is not unlike the Federal prohibition against property owners' use of materials which I considered in *Realty Revenue Corp.* v. *Wilson* (181 Misc. 802).

It is urged that the court has a discretion to refuse to enforce petitioner's right.   I prefer to place my decision upon the ground that petitioner's right is qualified rather than absolute. The seeming absoluteness with which the right is stated in the Administrative Code must be read as subject to implications necessarily arising from the very nature and purpose of a police force.   No one would contend that a policeman would be absolutely entitled to immediate retirement if he caused his application to be filed while engaged in pursuing a criminal. No one would contend that a group of policemen would entitle themselves to immediate retirement by filing applications therefor while actually engaged in suppressing a riot or in guarding

bodies and property in a bombed building. These examples, while purposely extreme, merely illustrate the general principle that rights generally are subject to some qualifications respecting the time and mode of their exercise. Our Court of Appeals has said: " Rights are never absolute and independent of those of others " (*O'Neill* v. *City of Port Jervis*, 253 N. Y. 423, 430). It also has approved the doctrine that directors of a corporation. " cannot terminate their agency or accept the resignation of others if the immediate consequence would be to leave the interests of the company without proper care and protection " (*Zeltner* v. *Zeltner Brewing Co.*, 174 N. Y. 247, 253). *A fortiori*, the right of policemen to be retired from active duty and placed on a pension is subject to the qualification that it may not be exercised at such time and in such manner as to leave the city without adequate police protection; and that is especially so when the resulting inadequacy is caused by the operation of a Federal law, the operation of which the city is powerless to prevent.

The facts here disclosed leave no room for any contention that respondents are acting arbitrarily or capriciously or that they are unfairly discriminating against petitioner in favor of other persons similarly situated, and in the absence of such showing I am of the opinion that petitioner does not establish a right to the relief sought.

As petitioner has not disputed the matter set up in defense by serving a reply as provided in section 1292 of the Civil Practice Act, there is no issue of fact to be tried, and the proceeding is accordingly dismissed, but without costs.