LUCY THOMAS, Respondent, *v.* PERCY G. WILLIAMS, Appellant.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, tenth district, borough of Manhattan, in favor of the plaintiff.

House, Grossman & Vorhaus (Charles Goldzier of counsel), for appellant.

Edwin F. Stern, for respondent.

BISCHOFF, J. Asserting that she was denied admission to the place of amusement maintained by the defendant, on

account of her color, the plaintiff (a negress) brought this action to recover the penalty provided for by chapter 1042 of the Laws of 1895, whereby any person who shall deny to any citizen, by reason of race, creed or color " the full enjoyment of any of the accommodations, advantages, facilities or privileges " of theatres or music halls, etc., or shall aid or incite such denial " shall for every such offense forfeit and pay a sum not less than one hundred dollars nor more that five hundred dollars to the person aggrieved thereby, to be recovered in any court of competent jurisdiction in the county where said offense was committed."

The case was submitted to the jury upon a conflict of fact as to whether the plaintiff had actually been denied access to the defendant's theatre; but the defendant was refused an opportunity of proving that he, personally, had not authorized her exclusion, had made rules to the contrary and customarily permitted negroes to enjoy the privileges and accommodations of his place of amusement. This evidence was excluded and, in our opinion, the ruling calls for the reversal of the judgment.

It appeared upon the trial that the defendant was not personally present at the time of the acts complained of, and that the exclusion of the plaintiff, if any, was the act of some employee. The statute being penal in its character, the question of the defendant's actual intent and of his personal *delictum* was involved; and, while evidence that the violations of the statute had been contrary to his express orders would not be necessarily conclusive, it was still material evidence to be considered by the jury in connection with whatever proof was in the case to support a finding upon the issue as to whether the defendant, by his conduct or his manner of conducting the business of his theatre, was, in fact, responsible for his violation of the Act, where he had not personally and individually brought himself within the penal provisions. Westchester Co. v. Dressner, 23 App. Div. 215; People v. Utter, 44 Barb. 170, 172.

Scott and Fitzgerald, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.