(81 Misc. Rep. 237.)

HART v. HARTFORD LUNCH CO.

HUNTER v. SAME.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

CIVIL RIGHTS (§ 14*)—DISCRIMINATION—ACTIONS—INSTRUCTIONS.
    In an action against a restaurant proprietor, under Civil Rights Law (Consol. Laws 1909, c. 6) § 40, providing that all persons within the jurisdiction of the state shall be entitled to the full and equal accommodations, advantages, etc., of restaurants and other places of public accommodation or amusement, and section 41, providing that any person violating the previous section by denying to any person, except for reasons applicable alike to all citizens of every race, creed, or color, and regardless of race, creed and color, the full enjoyment of any accommodation enumerated in section 40, shall be liable to a penalty of not less than $100 nor more than $500, it was error to refuse an instruction that if a waiter in defendant's restaurant was instructed to serve colored persons, and not to discriminate between white and colored persons, a mistake or violation of the instructions would not render defendant liable, that defendant was not required to do more than instruct the waiter in good faith to afford all persons alike free and equal accommodations and full enjoyment of the facilities and privileges afforded by it to white persons as well as negroes, and that if it did this in good faith to find for defendant.

    [Ed. Note.—For other cases, see Civil Rights, Cent. Dig. §§ 11, 12; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Two actions, by Eric V. Hart and by Walter Hunter, respectively, against the Hartford Lunch Company. From a judgment in each case on a verdict for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

David M. Neuberger, of New York City, for appellant.

George R. Simpson, of New York City (Louis Susman, of New York City, of counsel), for respondents.

BIJUR, J.   This action was brought to recover the penalty prescribed by sections 40 and 41 of the Civil Rights Law for refusal to serve a meal to respondent, a colored man; such refusal being because of his color.   The actual refusal complained of was by one Carter, a waiter employed by defendant.

A number of interesting questions raised on this appeal need not be decided, because of palpable error committed by the learned trial judge in refusing to charge two requests of defendant's attorney as follows:

"I ask your honor to charge the jury that if Carter was instructed to serve colored persons, and not to discriminate between white and colored persons, then a mistake, or even a violation of the instructions, would create no liability on the defendant's part for these actions.   *   *   *

"I ask your honor to charge the jury that the defendant was and is not required to do more than instruct Carter in good faith to afford all persons alike free and equal accommodations and full enjoyment of all the facilities and privileges afforded by it to white persons as well as negroes, and if it did this in good faith, and the jury finds it did so, the verdict must be for the defendant."

Respondent concedes the admissibility of the uncontradicted evidence upon which these requests were based (see Westchester County v. Dressner, 23 App. Div. 215, 48 N. Y. Supp. 953), but claims, on the authority of Thomas v. Williams, 48 Misc. Rep. 615, 95 N. Y. Supp. 592, that such evidence "would not be necessarily conclusive"; but no such claim was made by appellant, nor was his request based on the conclusiveness of the evidence.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.