JENNIE BUEHLER, Respondent, *v.* PINE E. BUSH and JACOB PHILIPS, Appellants.

Second Department, January 13, 1922.

Depositions — examination of defendants before trial under Civil Practice Act, § 290, in action commenced before act took effect — not necessary to first obtain order of court or judge that interest of justice requires application of act — such question may be determined on motion by defendants to stay examination — theory of act in respect to depositions — practice not to be assimilated to practice under Code of Civil Procedure — purpose of act in respect to depositions.

Section 290 of the Civil Practice Act, relating to the examination of a party before trial, is a remedial provision within the meaning of section 1569 of said act, and so an examination may be instituted thereunder in an action commenced before the Civil Practice Act took effect. It is not necessary to the validity of the proceeding to procure an order of a court or judge that the interest of justice requires that the provisions of said section apply. If the party to be examined objects he may move to stay the examination and the court can then determine whether the interest of justice requires that the examination be conducted under the act.

As compared with the Code of Civil Procedure, the Civil Practice Act proceeds upon an entirely new theory as to examinations before trial. It was assumed under the Code that parties ordinarily were not subject to examination, and a party desiring to examine his adversary was required to prove circumstances authorizing such examination. Under the Civil Practice Act all parties are subject to examination, and the burden of applying to the court is cast upon the party who objects to such examination.

The practice under the Civil Practice Act is not to be assimilated to the practice under the Code of Civil Procedure.

The intent and purpose of the Civil Practice Act is to remove from proceedings of this character all procedural trammels and to permit examinations of adverse parties with as few restrictions as possible.

APPEAL by the defendants, Pine E. Bush and another, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 9th day of November, 1921, denying defendants' motion to stay their examination before trial and directing said defendants to present themselves for examination at the time and place stated in the notice of deposition.

*Edward P. Mowton,* for the appellants.

*Edgar R. Kraetzer,* for the respondent.

JAYCOX, J.:

The defendants have appealed from an order denying their motion to stay the examination of said defendants before trial.

This action was begun March 15, 1921. Notwithstanding that fact, the plaintiff seeks to examine the defendants under the new Civil Practice Act, which became effective October 1, 1921, without any direction by· any court or judge that the interest of justice requires that the provisions of said Civil Practice Act be applied to this action or to any proceeding incident thereto. The plaintiff has given the notice required by section 290 of said Civil Practice Act of her intention to examine the defendants. This notice gave all the details required by that section. The defendants then applied (by an order to show cause) for an order staying the examination, the grounds of defendants' application being that the procedure adopted by the plaintiff is unwarranted because the Civil Practice Act does not apply to this action, as it was begun before that act took effect; that the Civil Practice Act can only be made applicable by the direction of a court or judge that the interest of justice required its application, and no such direction had been made, and that in any event the practice under the new act must be assimilated to the practice under the Code of Civil Procedure and that there must be an order of a court or judge fixing the limits of the examination.

Taking up the grounds of the defendants' motion as above stated: Although the Civil Practice Act is not made directly applicable to pending actions, it vests a broad discretion in the courts and judges as to when its remedial provisions shall be made applicable. Section 1569 authorizes the court, or a judge, to apply any remedial provision in the interest of justice when not inconsistent with the proceedings already had therein. This is a remedial provision, and its application to this action is not inconsistent with any proceeding already had therein. It was not necessary to apply to the court and obtain its opinion that the interest of justice required the application of the remedial provisions of the Civil Practice Act before initiating this proceeding. To so hold would be to exalt the shadow over the substance and would be contrary to the spirit and purpose of the act. If the defendants proceeded with the examination without objection, there would be no occasion for interference. Their assent to the procedure could be assumed. If, however, they object, they can move, as they have done in this case, and the court can determine, as it has here, whether the interest of justice requires that the examination be conducted under the provisions of the Civil Practice Act.

As compared with the Code of Civil Procedure, the Civil Practice Act proceeds upon an entirely new theory as to examinations before trial. It was assumed under the Code of Civil Procedure (§ 870 *et seq.*) that parties ordinarily were not subject to examination, and a

party desiring to examine his adversary was required to prove circumstances authorizing such examination. Under the Civil Practice Act (§ 288 *et seq.*) all parties are subject to examination, and the burden of applying to the court is cast upon the party who desires to question the right to his examination. The procedure of both parties in this action is in accordance with the provisions of the Civil Practice Act. The plaintiff gave the notice for defendants' examination as required by section 290, and the defendants, in accordance with the spirit of section 291, moved to stay the proceedings. This brought the matter before the court so that all questions involved therein might be determined. The procedure under the Civil Practice Act is not to be assimilated to the practice under the Code of Civil Procedure. The intent and purpose of the Civil Practice Act is to remove from proceedings of this character all procedural trammels and to permit examinations of adverse parties with as few restrictions as possible.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Blackmar, P. J., Rich, Kelly and Manning, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.