KATHERINE WARNER, Respondent, *v.* ROCHESTER AND SYRACUSE RAILROAD COMPANY, INC., Appellant.

Fourth Department, March 10, 1926.

**Depositions — examination of employee and of officer of corporation defendant before trial — claim agent of railroad cannot be examined under Civil Practice Act, § 289, respecting operation, maintenance and equipment — vice-president and general manager may be examined — examination in negligence action limited.**

In an action to recover damages arising out of the alleged negligence of a railroad, the plaintiff cannot, under section 289 of the Civil Practice Act, examine the claim agent of the defendant on questions relating to operation, maintenance and equipment of the railroad, for none of these matters come within the scope of the ordinary claim department.

But the plaintiff may examine the vice-president and general manager of the defendant railroad.

The scope of the examination is discretionary with the court, but the court should not permit a general fishing excursion, and in the present case under the pleadings the examination should be confined to the facts and circumstances of the accident itself, the equipment, weight and condition of the railway car, the time schedule, and the operating rules and regulations having reference to the occasion in question; expert opinions and experimental tests do not fall within the examination.

APPEAL by the defendant, Rochester and Syracuse Railroad Company, Inc., from certain parts of an order of the Supreme Court, made, on a motion to vacate a notice of taking depositions, at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 7th day of December, 1925, which permitted the plaintiff to take the evidence of two witnesses before trial.

*Daniel Scanlon,* for the appellant.

*George D. Forsyth,* for the respondent.

PER CURIAM. The duties of the defendant's claim agent are not specified in the papers. The matters upon which an examination is sought relate to the operation, maintenance, equipment and management of an electric railway. None of these matters come within the scope of the ordinary claim department of a railroad and in respect to such matters a claim agent as such does not fall within the class of persons subject to examination under section 289 of the Civil Practice Act. Mr. T. C. Cherry, the vice-president and general manager, is, however, subject to examination under the terms of that section. The scope of the examination is discretionary and courts should be careful, especially in negligence

cases, to limit the inquiry to matters clearly necessary and material, rather than to permit a general fishing excursion.

In the present case, under the pleadings, the examination should be confined to the facts and circumstances of the accident itself, the equipment, weight and condition of the railway car, the time schedule, and the operating rules and regulations having reference to the occasion in question. Expert opinions and experimental tests do not fall within the scope of permissive examination.

The order should be modified accordingly, and as modified affirmed, without costs.

Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ.

Order modified in accordance with the opinion, and as modified affirmed, without costs of this appeal to either party.