CITIZENS TRUST COMPANY OF UTICA, N. Y., Respondent, *v.* R. PRESCOTT AND SON, INC., Appellant. (Appeal No. 1.)

Fourth Department, June 28, 1927.

**Depositions — examination of plaintiff before trial — action on trade acceptance indorsed by defendant — production of books, etc., cannot be compelled on notice to examine, under Civil Practice Act, § 288 — defendant entitled to examination as to certain specified matters.**

This is an action to recover on a trade acceptance indorsed by the defendant. After issue was joined, the plaintiff moved for summary judgment, and, in the alternative, for an order striking out affirmative defenses as insufficient in law, and as sham and frivolous. That motion was denied, and thereby the sufficiency of the issues raised by the pleadings became fixed and determined as the law of the case. A notice for the examination of the plaintiff, through certain of its officers, which required the production of certain records, and a *subpœna duces tecum* served for the production of the records and books, was properly modified so as to vacate and set aside the subpœna and strike out the provision in the notice for the production of the records. Section 288 of the Civil Practice Act and title 15 of the Rules of Civil Practice do not authorize the examining party to require the production of records on the examination before trial.

It was error for the court to strike out that part of the notice calling for an examination concerning the question whether or not the trade acceptance was delivered

to plaintiff by the defendant and as to the time and manner of payment, the time, manner and to whom the plaintiff presented the trade acceptance for payment and the protest on non-payment, and the question relating to different securities plaintiff held collateral to the trade acceptance and with whom they were deposited. The defendant was entitled to examine the plaintiff as to all matters essential to its defense and the burden of showing lack of need rests on the plaintiff. The defendant was entitled to examine the plaintiff in accordance with its notice, and it was error, therefore, to strike out the questions specified.

SEARS, J., dissents in part.

APPEAL by the defendant, R. Prescott and Son, Inc., from an order of the Supreme Court, made at the                    Special Term and entered in the office of the clerk of the county of Oneida on the          day of                    , 192  , modifying a notice for the examination of plaintiff before trial.

*Pierce & Holcombe* [*Thomas E. O'Brien* of counsel], for the appellant.

*Dunmore, Ferris & Dewey* [*W. Chase Young* of counsel], for the respondent.

SAWYER, J.  Plaintiff sues to recover on a trade acceptance of the Thermiodyne Radio Corporation, indorsed by defendants and discounted with plaintiff.

The only defendant served is R. Prescott and Son, Inc., which has duly answered, setting up the usual denials and interposing certain affirmative defenses, entire and partial.

After issue was joined plaintiff moved for summary judgment and, in the alternative, asked that the affirmative defenses be stricken out as insufficient at law, sham and frivolous.

This motion was denied and thereby the sufficiency of the issues raised by the pleadings became fixed and determined as the law of the case. (*Aldrich* v. *Newburgh News Printing & Publishing Co.,* 70 Misc. 126; *Barber* v. *Rowe,* 200 App. Div. 290; *Dwight* v. *St. John,* 25 N. Y. 203.) The doctrine of these cases is in no wise disturbed by the Civil Practice Act nor does *Continental Securities Co.* v. *Interborough R. T. Co.* (118 Misc. 11; affd., *sub nom. General Investment Co.* v. *Interborough R. T. Co.,* 200 App. Div. 794; affd., 235 N. Y. 133) hold otherwise. While the court in that case held parts of the answer to be good and struck out others as irrelevant and scandalous, it refused to pass on the sufficiency and materiality of the special defenses or pleas in abatement.

The defenses here interposed are: (a) An estoppel by acts and omissions of plaintiff. (b) Deposit with plaintiff by acceptor and other indorsers of securities sufficient for the complete satisfaction

and payment of the trade acceptance.   (c) As a partial defense, the retention by the vice-president of plaintiff, who was also the president of the acceptor, of a portion of the proceeds of the discount, and, for its relief, defendant demanded that the complaint be dismissed or, in the alternative, that upon payment by it of any amount found due, the plaintiff be adjudged to transfer to it, in subrogation, the securities so deposited as collateral.

After the issues were established defendant served a notice for the examination of the plaintiff through certain of its officers.   On plaintiff's motion to vacate this notice it was modified in some particulars and from the order of modification this appeal is taken.

The notice recites that plaintiff will be required to produce on the examination certain records, books, documents and securities and with it there was also served a *subpœna duces tecum* for their production.   This portion of the notice was stricken out by the justice before whom the motion was heard, who also vacated and set aside the subpœna.

The correctness of this decision is not seriously questioned by appellant nor do we think it can be.   Section 288 of the Civil Practice Act and title 15 of the Rules of Civil Practice, under the authority of which the proceeding is taken, go no further than to provide for the taking of necessary and material testimony of parties and witnesses.   Proceedings for the discovery of books, documents, other papers and property are separate and apart from that for examination of parties and witnesses.   (Civ. Prac. Act, §§ 296, 322 *et seq.;* Rules of Civil Practice, rule 140 *et seq.; New York City Car Advertising Co.* v. *Regensburg & Sons, Inc.,* 205 App. Div. 705.)

The order also eliminated that part of the notice calling for an examination concerning the following matters, all of which defendant insistently urges are material and necessary to its defense:

(1) Whether or not the trade acceptance, the subject of this action, was delivered to plaintiff by defendant, and to whom, at what time and in what manner the proceeds of said trade acceptance were paid by plaintiff.

(2) When, in what manner, and to whom plaintiff presented said trade acceptance for payment, and payment was refused, and when and in what manner plaintiff protested the same to defendants Guibord and Levy.

(7) What securities plaintiff held collateral to said trade acceptance, the subject of this action, and by whom, when and in what manner they were deposited with plaintiff.

The instrument in controversy is, of course, negotiable and

ordinarily subject to the provisions of the law relating to such instruments. (Neg. Inst. Law, §§ 111, 115, 116, 201.)

We express no opinion as to the controlling effect on the trial of the action of the order denying plaintiff's motion to strike out the separate defenses. For the purposes of this motion the issues are established as pleaded; the defendant might properly assume that the issues it has presented are those to be determined by the trial court and prepare accordingly. In such preparation it is entitled to examine plaintiff as to all matters essential to its defense and the burden of showing lack of need rests on the plaintiff. (*Buehler* v. *Bush*, 200 App. Div. 206, 207; *National Fire Insurance Co.* v. *Shearman*, 209 id. 538; *Bloede Company* v. *Devine Company*, 211 id. 180; *Eagle-Picher Lead Company* v. *Mansfield Paint Co., Inc.*, 203 id. 9; *Bartholomay Company, Inc.*, v. *Regan*, 123 Misc. 489; *Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 App. Div. 752.) The matters referred to in paragraphs 1, 2 and 7 bear more or less directly on the theory of the defense and we are not prepared to say that they are immaterial or unnecessary. In addition it may be noticed that the denial of certain of the allegations in the 5th paragraph of the complaint may open the door for the examination demanded in No. 1. Notwithstanding the ordinary rules relating to negotiable instruments there is authority to the effect that an action thereon at law may be met by an equitable defense, and that a plea for subrogation on payment to be coupled with any judgment thereon is likewise available. (*Pain* v. *Packard*, 13 Johns. 174; *National Bank of Rochester* v. *Erion-Haines Realty Co.*, 213 App. Div. 54; *Hoberg* v. *Sofranscy*, 217 id. 546; *Hubbard* v. *Gurney*, 64 N. Y. 457, 464; *Pittsburgh-Westmoreland Coal Co.*, v. *Kerr*, 220 N. Y. 137.) We are, therefore, of the opinion that defendant was entitled to examine plaintiff in accordance with its notice and that the order appealed from should be modified so as to restore thereto the paragraphs 1, 2 and 7, and as so modified the order should be affirmed, without costs to either party.

All concur, except SEARS, J., who dissents in part and votes for affirmance as to items 1 and 2. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Order modified and as so modified affirmed, without costs of this appeal to either party.