Union Trust Company of Rochester, Plaintiff, *v.* George E. Francis, Defendant.

Supreme Court, Monroe County, November 10, 1934.

*Dutcher Brothers*, for the motion.

*Harris, Beach, Folger, Bacon & Keating*, opposed.

Knapp, J. This action is brought to recover upon two promissory notes made by the defendant to the plaintiff, one dated June 30, 1930, payable on demand to the order of the plaintiff for the sum of $6,800, with interest, and another one dated the same day, also payable on demand to the plaintiff, for the sum of $7,956.25, with interest. The plaintiff's complaint alleges that no interest has been paid upon these notes since January 1, 1933, and seeks judgment against the defendant for the sum of $14,756.25, with interest from the 1st day of January, 1933, together with the costs and disbursements of the action. The defendant for his amended answer admits the making and delivery of the notes as is alleged in the plaintiff's complaint but denies that no part of the amount represented by such notes has been paid as alleged in paragraphs " 4 " and " 6 " of the plaintiff's complaint. The defendant then sets up as an answer, *first*, that such promissory notes were executed by the defendant to the plaintiff as a part of a transaction which was illegal, void and *ultra vires* on the part of the plaintiff. *Second*, that during the year of 1931 the plaintiff and the defendant agreed between themselves that these promissory notes and the amount represented by them should be waived, abandoned and rescinded and that they were waived, abandoned and rescinded. *Third*, that the relation of principal and agent

existed between the defendant and the plaintiff for the purpose of the purchase of stock securities for the defendant by the plaintiff, and that during the year of 1931 the defendant terminated and revoked the authority of the plaintiff to deal with the securities and ordered it to liquidate the same. *Fourth*, a counterclaim is set forth based upon the fact that on or before the first week of June, 1931, the defendant notified the plaintiff to sell the securities that it had on his account and that there would have been, had the securities been sold at that time, enough to pay the promissory notes set forth in the plaintiff's complaint, and a surplus of $1,567, and that on several occasions during the months of June, July and August, 1931, the defendant told the plaintiff to dispose of the securities, cancel the promissory notes, and that had it done so, there would have been a surplus on July 1, 1931, of $2,757, and on August 1, 1931, the sum of $1,590.

The defendant asks judgment of the court that the complaint of the plaintiff be dismissed and that he have an affirmative judgment against the plaintiff for the sum of $1,567, with interest from the 1st day of June, 1931, and for the sum of $1,438.71, besides the costs of the action.

This motion is made by the defendant for a discovery and inspection of the books of the plaintiff and for permission to make copies of the same or photograph them to the end that the defendant's affirmative defenses and counterclaims may be established, the defendant claiming that this information is wholly within the knowledge of the plaintiff and that he has not the information upon which to make his defense. This procedure is sanctioned by sections 324 to 328 of the Civil Practice Act and by rule 140 of the Rules of Civil Practice.

In the case of *Eschenbrenner* v. *Gude Brothers* (202 App. Div. 752). the court in a memorandum states that the privilege of inspection and discovery in cases of this character is given to plaintiff almost as a matter of right. I am unable to go to that length. I think the better rule is stated by Mr. Justice RODENBECK in the case of *Murphy* v. *Keenan* (101 Misc. 443; affd. without opinion, 183 App. Div. 923), and in the case of *Bencoe* v. *McDonnell* (210 id. 123).

Mr. Justice RODENBECK, in the course of his opinion in the case of *Murphy* v. *Keenan* (*supra*), uses this language, which seems to me to state the true rule to be followed: " The application, however, in any case will be granted only in the exercise of a sound discretion in the ascertainment of truth and the advancement of justice, but it must appear that the evidence is competent, relevant and material to the issues, unknown to the party seeking it and in the possession of the adverse party."

The defendant is entitled to an inspection of the notes in suit and to make copies of them if he so desires.

The defense of *ultra vires* does not set forth any facts that would require an examination of the records of the plaintiff.

There is nothing in the allegation of the waiving and rescinding of the promissory notes set forth in the defendant's second defense that would require an examination of the books and records of the plaintiff. The termination of the agency of the plaintiff during the year 1931 and the direction to liquidate securities apparently relate to the two counterclaims set forth in the defendant's affirmative answer, to wit, on or before the first day of June and in or about the months of June, July and August.

The defendant is entitled to a discovery and inspection of the books of the plaintiff to show what securities the plaintiff held on behalf of the defendant on or about the 1st day of June, 1931, and through the months of June, July and August, 1931. Copies of such securities and of such records of the plaintiff may be made by the defendant.

Mr. Isaac Adler is appointed referee to carry out the terms of the order to be entered upon this decision, and authority is given to him to fix the time and place of such discovery and inspection.

Except as above granted, the defendant's requests contained in his notice of motion are denied. No costs are allowed. Prepare order.