SYLVIA GOODMAN, Appellant, *v.* HERBERT A. STEIN, Respondent.

First Department, March 21, 1941.

*Norman Winer* of counsel [*Bondy & Schloss,* attorneys], for the appellant.

*Thomas H. Clearwater* of counsel [*Lorenz J. Brosnan,* attorney], for the respondent.

UNTERMYER, J. Although the rule is established in this department that an examination before trial will not ordinarily be granted in actions for tort (*Shaw* v. *Samley Realty Co., Inc.,* 201 App. Div. 433), we think some part of the examination sought should have been allowed under the special circumstances which existed here.

The plaintiff employed the defendant, a plastic surgeon, to perform two operations on her breasts. She alleges that the operations were so negligently performed that they resulted in permanent disfigurement and excessive pain. To establish the allegation of negligence the plaintiff, by items 2 and 4 of the notice of motion, seeks an examination before trial to require the defendant to testify concerning the manner in which the operations were performed while she was under general anesthetic. We think the defendant should not be permitted to withhold from the plaintiff by whom he was employed the facts concerning an operation performed upon her while she was unconscious. Indeed, we have frequently held such examinations to be proper under similar or identical conditions (*Landrau* v. *Guaranty Trust Co. of New York,* 254 App. Div. 835; *Carbonello* v. *Roma Doll Co., Inc.,* 253 id. 703; *Hershenstein* v. *Union Railway Co.,* 249 id. 811; *Bernfeld* v. *Kreindler,* 233 id. 728; *Egan* v. *New York & Harlem R. R. Co.,* Id. 838), including actions for malpractice against physicians and

dentists (*Goodman* v. *Prentice*, 251 App. Div. 713; *Levin* v. *Jeming*, 243 id. 517; *Laurino* v. *Pratt*, 222 id. 742; *Drazner* v. *Levbarg*, 216 id. 833), where the plaintiff has been rendered unconscious by an accident (*Kematjian* v. *Island Cab Co., Inc.*, 244 App. Div. 704; *Massaad* v. *Stevens*, 240 id. 1033), and in other cases where special circumstances existed (*Frank* v. *Bernz Co., Inc.*, 255 App. Div. 948; *Stone* v. *136–142 W. 71st St., Inc.*, 250 id. 704; *O'Neill* v. *Servel, Inc.*, Id. 851; *Avrach* v. *Glenshaw Glass Co.*, 246 id. 509; *Sheridan* v. *Sussex Holding Co., Inc.*, 244 id. 784; *Hollander* v. *Brown*, 233 id. 831; *Preiss* v. *O'Donohue*, 173 id. 121) which necessitated an exception to the general rule.

The order should be modified by allowing items 2 and 4 of the plaintiff's notice of motion, as to the character and details of the operations referred to therein, and, as so modified, affirmed, without costs.

O'MALLEY and TOWNLEY, JJ., concur; MARTIN, P. J., and GLENNON, J., dissent.

MARTIN, P. J. (dissenting). The attitude of this court on the subject of examinations before trial in tort actions and the reason for the rule are clearly expressed in *Shaw* v. *Samley Realty Co., Inc.* (201 App. Div. 433). The wisdom of that decision has many times been demonstrated.

The right to examine an adverse party before trial is the result of legislation enacted to relieve litigants of the handicap at common law under which a party was not a competent witness in an action. (*Lotz* v. *Standard Vulcanite Pan Co.*, 102 Misc. 68.) The statute limits the scope of the examination to testimony which is material and necessary in the prosecution or defense of the action. It was not intended to enable a party to probe in the hope that he might discover or develop a cause of action. For that reason an examination is allowed only in the sound discretion of the court. In the exercise of this discretion, this court has decided that, as a matter of public policy, a general examination before trial will not be allowed in tort actions, except in special instances.

In actions brought to recover for death caused by negligence, where the estate representative is, in the nature of things, without evidence ordinarily possessed by a tort claimant, we have allowed examinations before trial. (*Landrau* v. *Guaranty Trust Co. of New York*, 254 App. Div. 835.) In instances where the sole witnesses to the occurrence giving rise to the cause of action have been the defendants themselves, we have permitted examinations. (*Kematjian* v. *Island Cab Co., Inc.*, 244 App. Div. 704; *Massaad* v. *Stevens*, 240 id. 1033.) We have sanctioned examinations before

trial in some cases involving malpractice, but it has not been our intention to establish a rule that the showing of treatments of a plaintiff while under anesthesia is sufficient in itself to allow a general examination of a defendant. Having in mind the elements of the doctrine of *res ipsa loquitur*, present in many malpractice actions, it is not always material and necessary for a plaintiff in such an action to establish just what was done by the defendant.

When it is apparent that plaintiff has a meritorious cause of action in tort and special circumstances exist where to deny examination before trial would be tantamount to the denial of an opportunity to establish a meritorious cause of action, an examination before trial should be allowed. The record before us presents no such occasion.

The order appealed from should be affirmed.

GLENNON, J., concurs.

Order modified by allowing items 2 and 4 of the plaintiff's notice of motion, as to the character and details of the operations referred to therein, and, as so modified, affirmed, without costs. The date for the examination to proceed to be fixed in the order. Settle order on notice.