LOUISE TREMBLAY, Plaintiff, *v.* EDITH LYON, SCOTT LYON and ROBERT J. NEUSTAEDTER, Defendants.

Supreme Court, Monroe County, July 19, 1941.

*Milton S. Cohn,* for the plaintiff.

*Frank L. Ward* [*Daniel E. Macken* of counsel], for the defendants Edith Lyon and Scott Lyon.

VAN VOORHIS, J. It appears from the amended complaint that the plaintiff was a passenger in an automobile owned and operated by the defendant Robert J. Neustaedter which collided at a street intersection with an automobile owned by defendant Edith Lyon and operated with her consent by defendant Scott Lyon. The plaintiff served a notice to take the deposition before trial of the defendant Scott Lyon as an adverse party pursuant to sections 288 and 290 of the Civil Practice Act concerning the facts and circumstances surrounding the operation of both automobiles at the time of the accident.

Defendants Lyon have moved to vacate the notice of deposition pursuant to section 291 of the Civil Practice Act. The motion is based on the ground that no special circumstances are shown making such an examination necessary in an ordinary negligence action. Plaintiff submits no answering affidavits in opposition to the motion to vacate. The moving affidavit adds nothing to the notice of motion.

The decision of this motion depends upon whether the burden is upon the plaintiff to establish her right to examine the defendant Scott Lyon before trial, or whether it be upon the defendants Lyon to demonstrate that he should not be so examined.

It is immaterial to this question whether the party seeking an examination before trial has proceeded by the service of a notice to take the testimony by deposition pursuant to section 290, or has applied for an order in the first instance under section 292. When the right to take the examination has been challenged, either by motion to vacate or modify the notice, or by opposing the granting of the order to take the testimony, the burden of proving that the examination is material and necessary (§ 288) is upon the applicant for the examination. (*Wood* v. *American Locomotive Co.*, 246 App. Div. 376, 378; *Lovasz* v. *Fowler*, 209 id. 169; *McCullough* v. *Auditore*, 215 id. 89; *Kahn & Feldman, Inc.*, v. *Brooklyn Edison Co., Inc.*, 228 id. 668; *Glasser* v. *Toke Gutson Borglund*, 248 id. 898; *Abels* v. *Rubin*, 145 Misc. 806, 808.) There is no more rational basis for requiring a party moving to vacate to prove the negative in this matter than there would be in insisting that a party moving to vacate a demand for a bill of particulars under rule 115 of the Rules of Civil Practice should undertake the burden of establishing that his adversary can safely proceed to trial if the data specified in the demand be not supplied.

Doubtless " the burden of applying to the court is cast upon the party who desires to question the right to his examination." (*Buehler* v. *Bush*, 200 App. Div. 206, 208.) That may tend to minimize Special Term practice, but clearly does not refer to the burden of proof upon a motion to vacate if the right to the examination be contested. It means that if the party to be examined ignores the notice of deposition without going forward by making a motion to vacate or modify under section 291, he will allow the relief to be obtained against him by default. It is analogous to the rule that where a party defaults in answering he is deemed to have admitted the truth of all traversable allegations in the complaint. (*McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347, 351.) That does not signify that if a defendant contests an action the burden will be on him to disprove the plaintiff's case. That the party opposing

the examination must take the initiative to avoid default where notice has been given is apparently all that was intended by the Appellate Division in the Fourth Department by the language used in *Citizens Trust Co.* v. *Prescott & Son, Inc.* (221 App. Div. 420, 423), that " the burden of showing lack of need rests " on the objecting party. The first case cited in support of that statement is *Buehler* v. *Bush* (*supra*) wherein the court mentioned the burden of *applying* to the court, which is analogous to what is often described as the burden of going forward in contradistinction to the burden of proof which never shifts. (*Kay* v. *Metropolitan St. R. Co.*, 163 N. Y. 447.) This conclusion is fortified by noting that the same learned justice who wrote the opinion in *Buehler* v. *Bush* (*supra*), which, as has been stated, is the leading authority cited in *Citizens Trust Co.* v. *Prescott & Son, Inc.* (*supra*), also wrote in *Lovasz* v. *Fowler* (*supra*, 170), as follows: " When the right to examine witnesses is challenged by a motion to vacate the notice, the burden is not on the moving party to show that the conditions which permit an examination do not exist; the party seeking the examination has the burden of sustaining the notice by showing the existence of facts entitling him to the examination." No distinction in this particular is drawn in the cases between examinations of witnesses and adverse parties. Unless the Second Department in deciding *Lovasz* v. *Fowler* (*supra*) reversed itself after deciding *Buehler* v. *Bush* (*supra*), the *Buehler* case never meant that the burden of proof is on the party moving to vacate or modify the notice, and the Fourth Department following it in *Citizens Trust Co.* v. *Prescott & Son, Inc.* (*supra*), intended no such thing. In *Wood* v. *American Locomotive Co.* (*supra*, 378), a recent decision in the Third Department, which is liberal in allowing examinations (*Public National Bank* v. *National City Bank*, 261 N. Y. 316, 321), it was stated: " Section 288 of the Civil Practice Act authorizes the court to grant an order for examination before trial ' which is material and necessary in the prosecution or defense of the action.' The granting of such an order is in the discretion of the court, and while a general examination may be had, its necessity and materiality must be shown." An anomalous situation would be created if this could be avoided by the simple expedient of serving a notice of the taking of a deposition under section 290 instead of applying for an order in the first instance under section 292. Until our own department shall hold clearly that the burden of proof (as distinguished from the burden of going forward) is upon the party opposing the examination, it is safer to hold that the party seeking the examination must establish its necessity and materiality regard-- less of whether the proceeding has been instituted under section

290 or under section 292. A contrary rule would lead to peculiar results. A party challenging the right to such an examination would be obliged to establish affirmatively, for example, that the party applying for the examination was not asleep in the car, that he saw the accident, that he was not rendered unconscious with resulting loss of memory, that he has not become incompetent before the trial, that, failing such a showing, he is possessed of sufficient evidence through other persons who witnessed the accident, and that upon no other conceivable hypothesis could he be entitled to the examination. (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233.) None of those conditions might exist; the plaintiff might take the stand at the trial and testify how the accident occurred; yet a deposition would have been obtained on the false assumption that he was not aware of the facts because of the defendant's inability to prove the contrary.

It cannot be held that the plaintiff herein has sustained the burden of proof justifying her examination of the defendant Scott Lyon merely by showing that it is an automobile negligence action. Under the new Federal Rules of Civil Procedure (U. S. Code, Supp. V, pp. 866, 868, rules 26 and 30) such an examination would be granted as of course. Likewise the defendant would be permitted an examination before trial of the plaintiff, even though not material or necessary to the defense of the action, merely for the purpose of contradicting or impeaching the testimony of the plaintiff when called as a witness on the trial. Three times the Judicial Council has recommended the adoption of such procedure in New York. (1936 Rep. p. 163; 1937 Rep. p. 41; 1938 Rep. p. 53.) Since the present Federal rules became effective on September 16, 1938, the Judicial Council has decided to take advantage of the opportunity thereby presented to observe the results of their operation before making further recommendations for this State. (1939 Rep. p. 45; *Parsons* v. *Moss*, 171 Misc. 828, 832.) The experience of the Federal courts may result in the adoption in New York of the same practice. It should not be given effect in advance by judicial fiat in isolated cases. General examinations before trial may be had in negligence as in other actions where shown to be material and necessary. (*Goodman* v. *Stein*, 261 App. Div 548; *Weiner* v. *Hass, Inc.*, 158 Misc. 181; *Schonhous* v. *Weiner*, 138 id. 759; *Parsons* v. *Moss, supra; Swift* v. *General Baking Co.*, 129 Misc. 135; *Cherbuliez* v. *Parsons*, 123 App. Div. 814.) In these cases, however, special circumstances appeared establishing that the party applying for the examination was but obscurely acquainted with the facts. That is what makes the examination material and necessary. Doubtless knowledge, in certain instances, is insufficient

to bar the right to an examination. (*McGrath* v. *Blumenthal*, 220 App Div. 781.) But where the knowledge is complete concerning a familiar matter such as an automobile accident, which requires no special skill or training to observe, it is apparent that the main purpose in securing an examination before trial is not to prove a cause of action or affirmative defense but to discover the adversary's evidence, and, if possible, to cause embarrassment by obtaining a stenographic record which may be used to contradict or impeach when the other party takes the stand. (*Beikirch* v. *Loebs*, 243 App. Div. 859 [4th Dept.]; *Meyer* v. *Doyle*, 254 id. 930 [4th Dept.]; *Union Trust Co. of Rochester* v. *Francis*, 154 Misc. 83; *Ralph* v. *Schicker*, 162 id. 380; *Kirman* v. *Fries*, 128 id. 861.) If each party were permitted to examine the other for the express purpose of placing him on record, to do so might be fair. But the power to provide for examination upon matters relating to the adversary's case, although plenary, is still exercised only under exceptional circumstances. (*Caskie* v. *International R. Co.*, 230 App. Div. 591, 593 [4th Dept.]; *Public National Bank* v. *National City Bank*, *supra*, at p. 318.) Therefore a defendant could not ordinarily examine a plaintiff, in an automobile negligence case, unless in a position to assert a counterclaim, for the reason that it would be a " fishing expedition " that could be disguised as nothing else. Until the rule of discretion condemning the " fishing expedition " is abolished, which is adhered to in the decisions last cited, it would be unjust to allow merely the party having the affirmative of the issue to engage in the practice under the fiction that it is material and necessary to prove a cause of action. " Liberalizing " the grounds for examination beyond what is material and necessary would thus cause discrimination in granting to one side greater opportunity for placing the adversary on record than to the other. Until the statement of the Judicial Council that " the principle of disclosure as opposed to concealment of evidence by the parties is of the utmost importance in the administration of justice in this State " (1938 Rep. p. 53) is carried into effect by appropriate legislation or rules of practice, the cause of justice is not likely to be advanced by promoting disclosure on one side of a lawsuit and concealment on the other. The Judicial Council recognized this and so stated, in effect, in its 1937 Report, page 247. For that reason the language in *Ralph* v. *Schicker* (*supra*, at p. 382), per TOMPKINS, J., is pertinent: " ' The parties should be seeking truth, not playing a game.' (*Marine Trust Co.* v. *Nu Way Devices, Inc.*, 204 App. Div. 752, 753.) He who knows the truth is but playing a game when he seeks to force his adversary to testify to what he, himself, may disclose."

The words " special circumstances " are used in section 288 in connection with the examination of witnesses. This does not alter the fact that special circumstances must also be shown in order to establish that the deposition of an adverse party is material and necessary in this type of case. (*Shaw* v. *Samley Realty Co., Inc.*, 201 App. Div. 433; *Hollander* v. *Brown*, 233 id. 831.) " The scope of the examination is discretionary and courts should be careful, especially in negligence cases, to limit the inquiry to matters clearly necessary and material, rather than to permit a general fishing excursion." (*Warner* v. *Rochester & Syracuse R. R. Co., Inc.*, 216 App. Div. 115, 116 [4th Dept.].)

The motion to vacate the notice of deposition is granted.