CORA M. WALDRON, as Administratrix of the Estate of MARTIN J. MINKLER, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29078.)

Court of Claims, June 10, 1949.

*James F. Carroll* for claimant.

*Nathaniel L. Goldstein, Attorney-General (David Marcus* of counsel), for defendant.

GREENBERG, J. This claim for the wrongful death of claimant's intestate is predicated upon the negligence of the State in permitting an inmate to extract a tooth from the mouth of the decedent. An examination is sought herein as to the " expert opinion " of the State's physicians (associated with the Roswell Park Memorial Institute and the New York State Institute for the Study of Malignant Diseases), as to the origin, cause, development, progress, aggravation and acceleration of the condition of claimant's intestate. Claimant also seeks to examine them concerning their " expert opinion " as to whether the dental operations, performed upon claimant's intestate at Dannemora Prison by the inmate King, caused, developed, aggravated or accelerated his condition (cancer).

An examination before trial of the State as an adverse party will not be allowed of its physicians of another State institution as to their " expert opinion " of the origin, cause, development, progress, aggravation and acceleration of the condition (cancer) of claimant's intestate resulting in his death and the causal relationship of the dental operation performed upon him at State prison. (*Warner* v. *Rochester & Syracuse R. R. Co.,* 216 App. Div. 115; *Egan* v. *City of New York,* N. Y. L. J., Jan. 19, 1945, p. 248, col. 4, COLLINS, J.)

Motion for an examination before trial of the State by Drs. Mattick, Erbacher and Murphy, is granted as to item 1, but denied as to items 2 and 3. The records, books, etc., are to be produced upon such examination for use pursuant to the provisions of section 296 of the Civil Practice Act.

Settle order on notice fixing date, time and place of examination.