[Civ. No. .6555. First Appellate District, Division Two.—February 21, 1929.]

In the Matter of the Estate of MELANCTON BARNETT, Deceased. EDNA M. BARNETT et al., Appellants; BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION, Respondent.

H. W. Brunk and Geo. R. Knowles for Appellants.

Donahue, Hynes & Hamlin, Louis Ferrari, Adolph B. Canelo, Jr., and Edmond Nelson for Respondent.

Rohe & Freston, Herbert Freston and James A. McLaughlin, *Amici Curiae* for Respondent.

NOURSE, J.—Two appeals are taken jointly from orders of the superior court sitting in probate in the manner of the settlement of the annual account of the trustee under the will of Melancton Barnett.

The appellants are beneficiaries under the trust who objected to the settlement of the account upon the ground that a new trustee was substituted for the one named by the testator without their approval or consent. The respondent is a national banking association which, by numerous conveyances, has succeeded to all the business of the original trustee. These sales were all made with the approval of the state superintendent of banks and were in strict compliance with the California State Bank Act. No objection was made

by the beneficiaries to any item of the account, but they urged that the settlement be denied and that the account be stricken from the files upon the theory that the provisions of the State Bank Act (Stats. 1909, p. 87, and amendments thereto), relating to such transfers are void.

Sections 31, 31a, and 31b of this act provide for the transfer of the business of banking corporations by sale, by consolidation and by merger. Each section makes special provision for the transfer of trusteeships by such corporations, the provisions of section 31 relating to a sale reading, in part, as follows: "Upon the approval of the superintendent of banks . . . the purchasing bank shall, *ipso facto* and by operation of law and without further transfer, substitution, act or deed, and in all courts and places, be deemed and held to have succeeded . . . to all rights, obligations, . . . court and private trusts and other relations to any . . . principal or beneficiary of any court or private trust."

With this statute before it, it became the duty of the court sitting in probate to recognize the respondent as the new trustee and that court was without jurisdiction to hear or determine any protest on the part of the beneficiaries to the statutory substitution of the trustee, unless the statute is void as offending some constitutional provision. Otherwise if any rights are reserved to the appellants to object to the substitution these may be asserted in a court of equity. (*More* v. *More,* 133 Cal. 489, 494 [65 Pac. 1044, 66 Pac. 76].)

In this attack upon these provisions of the Bank Act the appellants advance three points—that they are not within the title of the act, that they are class legislation, and that they transgress upon the jurisdiction of the superior courts sitting in equity. The title of the act is "to regulate the business of banking." It is argued that this is not broad enough to include regulations concerning banks while acting as a trustee. The precise point has been decided adversely to appellants' contention in *Estate of Wellings,* 192 Cal. 506, 519 [221 Pac. 628].

The argument that these provisions are class-legislation might with equal force be extended to the entire Bank Act regulating the banking business in this state. The "class" here involved is not the testamentary trustee; it is the banking corporation doing business as a testamentary trustee. The legislation has uniform operation on this entire

class and when this is true, and when the classification is not unreasonable, such legislation does not offend the "special privileges" or "equal protection" sections of the constitution. (*Provident Sav. Inst.* v. *Malone,* 221 U. S. 660, 666 [34 L. R. A. (N. S.) 1129, 55 L. Ed. 899, 31 Sup. Ct. Rep. 661, see, also, Rose's U. S. Notes]; *In re Girard,* 186 Cal. 718, 722 [200 Pac. 593].)

The argument is advanced, with apparent lack of confidence in the point, that this legislation offends the provisions of section 5 of article VI of the constitution, reading: "The superior court shall have original jurisdiction in all cases in equity." Cases are cited to the rule that the legislature cannot take away the equity jurisdiction conferred on the courts by the constitution. We cannot perceive how this legislation has that effect. This section of the constitution does not confer any rights on the parties; it merely designates the courts where such rights as they may have in equity shall be enforced. The legislation does not alter the jurisdiction of the courts of equity; it merely defines what rights the parties have under it. "Statutory changes are almost perpetual. New rights are created under which new equities arise. These make new cases in equity, of which the courts at once take cognizance. The jurisdiction of courts of equity is not thereby enlarged. Neither is it diminished when by statutory changes some rights cease to exist and certain cases which courts of equity once entertained can no longer arise." (*Spreckels* v. *Hawaiian Com. etc. Co.,* 117 Cal. 377, 381 [49 Pac. 353, 354]. See, also, *Wright* v. *Superior Court,* 139 Cal. 469, 473 [73 Pac. 145]; *Reclamation Dist.* v. *Superior Court,* 171 Cal. 672, 681 [154 Pac. 845].)

Aside from their constitutional objections to the legislation, counsel for appellants argue that it should not apply to a transfer to a national banking corporation because such corporations are governed by the federal congress and, because of diversity of citizenship, could deprive the state courts of jurisdiction over testamentary trusts. The point is not properly before us on this appeal. It is one that goes to the policy of the legislation, a question which the legislature alone may determine. We are informed that an action in equity is pending seeking to remove the respondent

herein as trustee. If, in that proceeding, it should appear that the substitution of a national banking corporation as trustee was detrimental to the interest of the trust estate or of the beneficiaries thereunder the court of equity would have jurisdiction to hear and determine the question, but as the court in probate would not have had jurisdiction to determine it we should not consider it on these appeals.

Without conceding that the legislation is constitutional appellants argue that the probate court was in error in applying it to a testamentary trust without the approval or consent of the beneficiaries. In this connection they cite the portion of section 31 of the Bank Act providing for the sale of the business of banking corporations, and reading: "Subject, however, to the rights of trustors *and* beneficiaries after such transfer to nominate another and succeeding trustee of the trust so transferred." The argument is that because the trustor of a testamentary trust who is deceased has lost this right the section should be interpreted as conferring upon the beneficiaries of such a trust the sole right to nominate another trustee. It is true, as argued by appellants, that the courts have frequently substituted the word "or" for "and," and *vice versa,* when necessary to arrive at the evident intent of the legislature. (23 Cal. Jur. 736.) But the judicial construction or interpretation of a statute must be reasonable. (*Tujaque* v. *Superior Court,* 69 Cal. App. 35, 37 [230 Pac. 198].) It would not be a reasonable interpretation of this statute if we should hold that the legislature intended to use the word "or" for "and" and thus enable any beneficiary to nominate a new trustee even where the trustor was still living. It may be that the legislature overlooked a situation such as has arisen here, but it is just as probable that it had such a situation in mind and purposely failed to authorize the beneficiary alone to nominate in such a case. Be this as it may, judicial interpretation should never be judicial legislation. We may not, therefore, under the guise of interpretation, read into a statute matters which have been omitted by the legislature particularly where it appears that the omission might have been intentional. Here the legislature had before it similar statutes relating to the transfer of trusteeships when banking corporations merged

or consolidated. It had judicial interpretations of these statutes ruling that legislation of this character was free from constitutional objection and that "the changing of the trustee as a result of the consolidation or merger, as has been stated and is obvious, is the act of the law authorizing the consolidation." (*Mercantile Trust Co.* v. *San Joaquin Agr. Corp.*, 89 Cal. App. 558 [265 Pac. 583, 589], citing *Chicago, T. & T. Co.* v. *Zinser*, 264 Ill. 31, 35 [Ann. Cas. 1915D, 931, 105 N. E. 718], *In re Bergdorf's Will*, 206 N. Y. 309 [99 N. E. 714], *McElwain Co.* v. *Primavera*, 180 App. Div. 288 [167 N. Y. Supp. 815], Id., 181 App. Div. 929, 930 [168 N. Y. Supp. 1134], and directing attention to the fact that the statutes of Illinois and of New York, which were interpreted by the cited cases, were similar to the provisions of the California Bank Act.)

But, to our minds, there is one principle which controls a situation of this kind and that is the principle of consent of the parties. ■ The legislature, as we have stated, having the power to enact the legislation, and the trust having been created in contemplation of it, the consent of all parties to the legislative method of substitution of trustees must be deemed to have been given. Mr. Justice Hart, in the Mercantile Trust case, expressed the same thought in this language: "The statute authorizing the consolidation or merger of banking corporations, in so far as it prescribes a scheme for the transfer of their properties, . . . enters into and becomes a part of every agreement or obligation . . . and of this the defendant (the trustor) its directors, and bondholders, are presumed to have known before and at the time of the execution of the trust deed . . . and to have impliedly assented to the exercise of the legal right of said bank to merge . . . with all the consequences following such merger or consolidation as are prescribed by law." The right of the trustor to provide a method of filling vacancies and for appointment of successors in the trust is not disputed. (26 R. C. L., p. 1278.) But when a trustor, in full contemplation of the provisions of the Bank Act relating to the sale, consolidation, or merger of banking corporations, voluntarily designates such a corporation as trustee he must be deemed to have adopted and included within his declaration of trust the full scheme for substitution of trustees prescribed in that act. No more

144

forceful application of this principle could be made than in a case such as we have here of a testamentary trust, because the right to make a testamentary disposition of property is not an inherent right, but one which depends entirely upon the consent of the legislature. Thus, when the legislature has prescribed the rules and conditions under which the disposition and administration of estates may be had, the testator is deemed to intend the result which such rules produce and "they affect the testamentary disposition and provisions as though embodied in the will." (*Matter of the Will etc. of Bergdorf, supra.*)

We have refrained from discussing the question of which, if either, of the orders appealed from are appealable orders under our code because the parties have urged a decision of the cause upon the merits. Therefore, without assuming anything in this respect, our judgment is that the orders are affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 22, 1929.