[Civ. No. 9712.   Second Appellate District, Division Two.—April 19, 1935.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. STELLA T. WREN, Appellant.

Charles B. DeLong for Appellant.

Louis Ferrari, Edmund Nelson, Howard Waterman and Freston & Files for Respondent.

SCOTT, J., *pro tem.*—In July of 1923 Charles F. Wren and Stella F. Wren, the latter being appellant herein, executed and delivered to Merchants National Bank of Los Angeles a "continuing guaranty" to support the credit of the Pickwick Corporation, as follows: "You will please give credit to the Pickwick Corporation and permit them to become indebted to you on endorsements, overdrafts, acceptances or other liabilities in a sum in United States gold coin not exceeding the total amount of Fifty Thousand

Dollars ($50,000), and as said The Pickwick Corporation contemplates a course of future dealings with you, you will please continue said credit, or if it should be reduced or satisfied by payments made by said The Pickwick Corporation renew the same from time to time for said amount, or any less sum, or otherwise keep said credit permanently up to the limit aforesaid, or any less sum. And these presents shall be deemed to be, and shall constitute to you a continuing guaranty in reference to, and embrace the original credit hereby authorized and all future liabilities of said The Pickwick Corporation to you under such original credit, and under any renewal or renewals thereof, and under any endorsement, acceptance, overdraft and other liability and under such successive transactions with you as shall either continue said liabilities, or from time to time renew them, and said guaranty shall remain and be operative until all present or future credit and credits and claims given by you as aforesaid and all liabilities incurred as aforesaid, not exceeding said limited amount, shall be fully paid, subject to the legal right to revoke the same at any time as to any transactions occurring after such revocation. And in consideration of the compliance by you to the above requests, we hereby promise and agree to pay you at any time, upon demand, in United States gold coin, the full amount of principal and interest due you from said The Pickwick Corporation as aforesaid not exceeding said sum of Fifty Thousand Dollars.''

From the findings of the trial court, which are not disputed, it appears that the Merchants National Bank made loans to the Pickwick Corporation on January 29, 1926, and thereafter; that on December 10, 1928, the Bank of America of California acquired the assets of the Merchants National Bank; that April 10, 1929, the loans of the Pickwick Corporation were paid in full; that October 9, 1929, Bank of America of California loaned Pickwick Coporation $100,000, which it increased to $300,000; that on November 1, 1930, the Bank of America of California consolidated with Bank of Italy National Trust & Savings Association to form the Bank of America National Trust & Savings Association; December 26, 1930, Pickwick Corporation paid $250,000 on account, and February 25, 1931, gave plaintiff a sixty-one-day note for the balance of $50,000; that $20,039.50 was paid on the principal, and the interest was paid to October

22, 1932; that Pickwick Corporation failed and refused to pay this balance; that no communication relative to said guaranty, either written or verbal, ever took place between plaintiff or Bank of America of California and defendant. Judgment was rendered against defendant for the balance, plus interest and attorney's fees.

■ This appeal, taken on the judgment roll, challenges the right of the successor in interest to the banking corporation which was the original recipient of the guaranty to enforce that guaranty, especially where, as in this case, the original obligation was paid up and there was a new extension of credit.

By the terms of the Bank Act in effect in July, 1923, when the guaranty was executed (Deering's Gen. Laws, 1923, vol. 1, p. 180, sec. 31), the purchasing bank shall *"ipso facto* and by operation of law and without further transfer, substitution, act or deed and in all courts and places, be deemed and held to have succeeded and shall become subrogated and shall succeed to all rights, obligations, properties, assets, investments, deposits, demands, contracts, agreements, court and private trusts and other relations to any person, creditor, depositor", etc. Plaintiff bank, as successor to the original obligee, became entitled to rely upon the continuing guaranty; and since by its terms that writing contemplated that the amount of the obligation would vary from time to time, the temporary extinction of the entire obligation of Pickwick Corporation to the bank would not cancel or reduce appellant's liability to the bank on the guaranty as to new loans, there being no withdrawal of the guaranty by appellant nor any act of the bank which would preclude it from asserting its right to rely thereon. (*Bank of America* v. *Granger,* 115 Cal. App. 210 [1 Pac. (2d) 479]; *Barriero* v. *Bank of Italy,* 125 Cal. App. 153 [13 Pac. (2d) 1017]; *Estate of Barnett,* 97 Cal. App. 138 [275 Pac. 453]; *Mercantile Trust Co.* v. *San Joaquin etc. Corp.,* 89 Cal. App. 558 [265 Pac. 583].)

Judgment affirmed.

Crail, J., concurred.

STEPHENS, P. J., Dissenting.—I dissent.

I am unwilling to lend my endorsement to the extension of the Bank Act so as to further nullify the principles of

guaranty that grew up through the experience of generations.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1935.