## WINTERS NATIONAL BANK & TRUST COMPANY v GRETHER

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1666. Decided Jan. 14, 1942.

Froug & Froug, Dayton, for plaintiff-appellee.

Gus W. Byttner, Dayton, and Mason Douglass, Dayton, for defendant-appellant.

## OPINION

**By HORNBECK, J.**

This is an appeal on questions of law from a judgment in favor of the Stock Holders Realization Corporation, a substituted party plaintiff for the nominee in the caption of the case, against the defendant in the sum of $7500.00, with interest.

The errors are assigned under eight headings but upon consideration of the appeal, the pleadings and the record, it becomes evident that the one and determinative question is, whether or not upon the proof adduced, the defendant is obligated to the plaintiff by reason of a guaranty in writing, signed by her on January 18, 1926, which instrument is as follows:

"WHEREAS, F. E. Grether of Dayton, Ohio, is at the present time indebted to the City National Bank of Dayton, Ohio, and is desirous of obtaining a further line of credit from said bank and from the City Trust & Savings Bank of Dayton, Ohio, and said banks require security for the payment of all of said present indebtedness and all additional indebtedness incurred in the future by the said F. E. Grether, and, WHEREAS, the undersigned Caroline Grether, the mother of the said F. E. Grether, is willing to furnish such security in the form of her personal guaranty for the payment of said present and future indebtedness of the said F. E. Grether."

"NOW, THEREFORE, for the purpose aforesaid in consideration of the sum of One ($1.00) Dollar to me paid at the time of the signing and delivery of this instrument by each of said banks and for other good and valuable consideration, receipt of which is hereby acknowledged, I, the undersigned, Caroline Grether, do for myself, my heirs,

executors and administrators, guarantee and warrant unto said City National Bank and said City Trust & Savings Bank, both of Dayton, Ohio, their successors and assigns, the prompt payment at maturity of each and all notes, checks, drafts and other obligations of every kind made, signed, drawn, accepted or endorsed by said F. E. Grether, which the said bank or banks may now or hereafter have, hold, purchase or obtain, but my liability hereunder shall not at any time exceed the sum of Seventy-five Hundred ($7500.00) Dollars and interest thereof. In case a default is made in the payment at maturity of any of the above mentioned obligations or in the payment of any lawful claim or demand held by said bank or banks against said F. E. Grether, I hereby promise and agree to pay the same to the said bank or banks, their successors and assigns, upon demand.

This instrument is intended to be a full, complete and perfect security and indemnity to the said City National Bank and said City Trust & Savings Bank to the extent above stated, and to be valid and continuous without other or further notice to me."

At the outset of the trial of the cause, counsel stipulated that the guaranty was on behalf of F. E. Grether and the Grether Furniture Company, although, the Grether Furniture Company, as such, is not mentioned in the instrument; that the signature on the guaranty was that of the defendant; that the amount of the indebtedness of F. E. Grether and the Grether Furniture Company was in excess of $7500.00, the sum total of indebtedness which was carried into the guaranty. It appears that the substituted plaintiff held the guaranty by assignment from S. H. Squire, Superintendent of Banks of the State of Ohio, in charge of liquidation of the Union Trust Company, Dayton, Ohio, which assignment bore date of January 27, 1939; that the Union Trust Company, Dayton, Ohio, at and prior to the date of the assignment was held by said Superintendent of Banks under statutory liquidation. It was stated by counsel for plaintiff that the assignments as set forth in the petition, (probably in paragraphs numbered 7, 11 and 12 thereof), were made from the City National Bank & Trust Company to the Union Trust Company, from the Union Trust Company to the Superintendent of Banks of the State of Ohio, from the Superintendent of Banks to the Winters National Bank & Trust Company, from the Winters National Bank & Trust Company to the Superintendent of Banks, and from the Superintendent of Banks to the Stock Holders Realization Corporation.

The plaintiff, through a witness, Charles Borcher, undertook to establish the relationship of the various banks involved in the case from the date of the guaranty to the time of trial. Mr. Borcher had an extended and continuous association with the aforesaid institutions and handled the office work for the Stock Holders Realization Corporation. He stated that the Union Trust Co. "was open for business, formally under date of Mar. 10, 1930, and was formed out of the assets, the consolidation of assets of the Dayton Savings & Trust Company and the City National Bank & Trust Company, both of Dayton", and that the assets of the City National Bank & Trust Company, including the guaranty sued upon, were transferred to the Union Trust Company. This question was then put to him,

"The records of the liquidation of the Union Trust Company by S. H. Squire and his predecessor, indicated this fact, that the assets of the City National Bank & Trust Company were transferred to the Union Trust Company, isn't that right?"

Over objection and exception the witness was permitted to answer the question.

The acceptance of this testimony is

made the subject of one of the assignments of error. The question was objectionable for the reason that the records of the transactions under consideration were not shown to be available and they were the best evidence of the transfer under consideration and the nature thereof. Further the answer was but the conclusion of the witness as to what the records indicated. However, because of the testimony which had gone in before and that which was brought out subsequently upon cross-examination, the admission of the objectionable testimony was not prejudicial.

From the cross-examination of Mr. Borchers the following relevant facts appear: Of the two banks mentioned in the guaranty, the City National and the City Trust & Savings Bank, the latter bank surrendered its charter in 1928 and its assets became a part of the City National which remained in business and became the City National Bank & Trust Company, which sold its assets to the Dayton Savings & Trust Company upon a transfer which the witness states was called a consolidation. In 1930 the City National Bank & Trust Company and Dayton Savings & Trust Company surrendered their charters and did not remain in business after that. The aforesaid banks sold, assigned and transferred to the Union Trust Company all of their assets and their entire business, including the guaranty to the Union Trust Company and the witness says, "As I recall it, it was called a consolidation". It is obvious from the foregoing statements of fact that much pertinent information is left unproven respecting the specific rights transferred and respective agreements and obligations of the parties.

Consolidation is a statutory proceeding authorized by §§710-86 and 710-88 GC, the latter section in terms effective as of the date of the transaction in this case, as found in 109 O. L. 56, and specifically provides that a duly certified copy of the agreement of consolidation shall be filed in the office of the Secretary of State. So that, both parties knew the source of information which would establish definitely whether or not a consolidation in fact had been effected. The burden of establishing statutory consolidation, as hereafter shown, was upon the plaintiff.

At this juncture, we inquire if the instrument of guaranty on behalf of the defendant authorized the successors and assigns, as such, of the banks named therein to extend credit to F. E. Grether or the Grether Furniture Company on notes, checks, drafts and other obligations of every kind, made, signed, drawn, accepted, or endorsed by Grether or the Furniture Company, which indebtedness was moving originally to the successors and assigns of said banks and not to said named banks, as such. We do not deem it necessary to call upon any rule of construction as to the interpretation of the guaranty. If necessary, we would be confronted by considerable variance of authority.

The instrument here under consideration is not ambiguous and, in our judgment, it was not in contemplation either of Grether, the principal obligee named in the guaranty, the banks named therein, nor the guarantor, that she would be obligating herself to pay original indebtedness incurred by her son to institutions unless mentioned directly or included by implication or by law in the guaranty.

The guaranty warrants to the named banks, their successors and assigns, the prompt payment at maturity of all instruments and obligations therein mentioned, accepted or endorsed by F. E. Grether, **which the said bank or banks may now or hereafter have, hold, purchase or obtain.** That is to say, as is definitely indicated by the emphasized portion of the guaranty, that it relates to such instruments or obligations which the named banks, the City National Bank and the City Trust & Savings Bank or succeeding entities,

which in law must be held to be the same as the aforesaid banks, during their operation, held, purchased or obtained. If the indebtedness of Grether to the Union Trust Company was to the same entity as the named banks in the guaranty, then clearly she was liable to the plaintiff, who was the successor and assignee of the Union Trust Company.

The indebtedness which is the basis of the judgment against the defendant was original indebtedness of F. E. Grether or the Grether Furniture Company to the Union Trust Company and there is nothing to disclose that any part of it was an obligation at any time due either of the banks named in the guaranty from Grether or the Furniture Company. So that, we have no occasion to apply the principle that the guaranty is assignable to secure the original obligation.

The liability of the defendant must be determined upon the answer to the question whether or not the Union Trust Company, upon the record, was the same entity as one or the other of the banks named in the guaranty. If so, the defendant is bound. If not, she may not be held.

The answer to the question may be found in §710-88 GC, effective as of the date of the consolidation, as follows:

"In case of consolidation, when the agreement of consolidation is made and a duly certified copy thereof is filed in the office of the Secretary of State, together with a certified copy of the approval of the Superintendent of Banks to such consolidation, the banks, parties thereto, shall be held to be one company possessed of the rights, privileges, powers and franchises of the several companies, but subject to all provisions of law relating to the different departments of its business. * * *. On filing such agreement", of consolidation with the Secretary of State, "all and singular the property and rights of every kind of the several companies, including the exclusive right in and to the corporate name of each of the banks parties to such agreement shall thereby be transferred to and vested in such new company, and be as fully its property as they were of the companies parties to such agreement." (Emphasis ours).

If the plaintiff is to claim the benefits of the quoted section, it must appear that the emphasized portions of the section were observed.

The proof in this case completely fails to disclose any observance by the Union Trust Company of the prerequisites of the statute upon completion of the transaction which the witness, Borchers, called a consolidation. Having failed in this regard, neither it nor its successors can be heard to urge that it was possessed of the rights of the several banks parties to the consolidation.

If the statute had been observed we would, indeed, have an interesting legal question, both upon the terms of the statute and the interpretation thereof as found in **Central Union National Bank of Cleveland v Abbott et, 135 Oh St 37.** However, the facts in the cited case are not at all parallel to those in the instant case for the reason that all the indebtedness in the cited case, with the exception of one note, was a renewal of original indebtedness owing the bank named in the guaranty and the one note at the time of trial was in form payable to the bank named in the guaranty and as to this note defendants admitted their liability. The case, however, was decided upon the theory upon which it was presented, namely, whether or not the consolidation of the two banks under a new name so completely destroyed the identity of the first, to which the guaranty was given, as to prevent the enforcement of its guaranty by the succeeding bank with which it had consolidated.

The case cited and commented upon in the opinion, **Black v Albery et, 89 Oh St 240,** was decided before the en-

actment of the sections relating to the consolidation of banks. It treats of the general principles of suretyship and strictly construed the facts in favor of the guarantor.

We considered many cases in our examination of the questions presented and especially the effect of consolidation upon the rights of the plaintiff here, had the statute been observed. We find but one exactly in point, Bank of U. S. v Glickman, (N. Y. Court of Appeals) 193 N. E. 309, a very short opinion. Other cases somewhat analogous are Tidioute Savings Bank v Libbey et. (Wis.) 77 N. W. 182. Bank of America National Trust & Savings Association v Wren, (Cal. District Court of Appeals) 43 P. (2d) 830, Barriero v Bank of Italy, 13 P. (2d) 1017.

The judgment will be reversed and judgment for defendant.

GEIGER, PJ. and BARNES, J., concur.