[Civ. No. 14114.    Second Dist., Div. Two.    June 24, 1943.]

MUTUAL BUILDING AND LOAN ASSOCIATION OF PASADENA (a Corporation), Appellant, v. HELEN V. WIBORG et al., Respondents.

Hahn & Hahn for Appellant.

O'Melveny & Myers, Louis W. Myers and Pierce Works for Respondents.

MOORE, P. J.—The question for determination is whether the superior court has jurisdiction to appoint a substitute trustee under a deed of trust which reserves a joint power in the trustor and the *cestui que* trust to make a substitution, where they have not agreed upon a substitution after the corporate trustee has merged with a kindred corporation which inherited all the assets, powers and trusts of the designated trustee.

Title Guarantee and Trust Company hereafter referred to as Title Guarantee was named as trustee in a deed of trust by respondent Wiborg which instrument was given to secure payment of a promissory note payable to appellant. In its petition to the superior court under sections 2287 and 2289, Civil Code, appellant recited the present circumstances of the indebtedness and that on December 19, 1942, pursuant to section 31b of the Bank Act (Stats. 1909, p. 87, Deering's Gen. Laws, 1937, Act 652) as well as under the provisions of section 361 of the Civil Code, Title Guarantee became and is now merged in respondent Title Insurance and Trust Company hereinafter designated Title Insurance; that the separate, corporate existence of Title Guarantee then and there ceased; that it surrendered its license to do a bank or trust business or any other business; that Title Insurance claims that by operation of law as a result of the merger, it became the trustee. The petition recited further that pursuant to the provision of paragraph B-7 of the deed of trust it had demanded respondent Wiborg to join with petitioner in the nomination and appointment of a substitute trustee in the place of the Title Guarantee; that she had refused to do so; that by reason of the foregoing facts, there is a vacancy as to the trusteeship under the deed of trust; that the deed of trust does not provide a practical method of appointment of a substitute trustee; that by reason of a merger of Title Guarantee with respondent Title Insurance, by operation of law, Title Insurance became and now is the trustee under the deed of trust.

The respondents demurred to the petition on the ground

that the court has no jurisdiction or power to grant the relief prayed. Following an order sustaining the demurrer, petitioner having declined to amend, a judgment of dismissal followed.

The deed of trust contains the following provision:

"B. It is mutually agreed that:

"7. Trustor, or if said property shall have been transferred, the then record owner, together with Beneficiary, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed and acknowledged by each and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee . . . The procedure herein provided for substitution of Trustees shall be exclusive of all other provisions for substitution, statutory or otherwise."

Appellant insists that by virtue of the quoted paragraph Title Insurance is not substituted as trustee; that despite section 31b of the Bank Act the court has the power, under sections 2287, 2289 of the Civil Code to act solely upon the request of the beneficiary under the deed of trust and substitute a new trustee under the doctrine that one who creates a trust may provide a method for filling vacancies and for the appointment of substitute trustees. (26 Ruling Case Law 1278; 65 C.J. 575.) It then proceeds to attempt to show that paragraph B-7 is the exclusive procedure for effecting the appointment of a substitute trustee. Since the deed of trust provides that a substitute trustee may be named by the trustor "together with beneficiary" by a writing recorded in the office of the County Recorder, it follows that if the trustor declines to join with the beneficiary, in making a substitution there is no method by which to effect a substitution upon the petition of the beneficiary alone or otherwise.

■ There is no vacancy of the trusteeship. By virtue of the merger, the separate corporate existence of Title Guarantee suffered the fate of all merged corporations, to wit, they become a part of the muscle and the blood stream of the mergee corporation, transfusing into the mergee all its rights and privileges. By such act all rights and interests in and to all property are without further action or deed vested in

the mergee which shall hold, enjoy and enforce the same in its own right "as fully as the same was possessed, enjoyed and held" by the substituted trustee. The mergee corporation, by operation of law and without further transfer, shall "in all courts and places be deemed and held to have, and shall become subrogated and shall succeed to all such rights . . . agreements, court and private trusts . . . and shall execute and perform all such . . . trusts in the same manner as though it had itself originally assumed the relation of trust or incurred the obligation or liability; . . . " (Subd. 5, sec. 31b of the Bank Act.)

By virtue of such provision, there was an automatic succession of the trusteeship to Title Insurance. All rights of Title Guarantee in the property held in trust passed without interruption to Title Insurance. Language could not be more emphatic than that used by the Legislature in continuing the trusteeship of a trustee in the event of a merger of the named corporate trustee with another corporation. (*Estate of Barreiro,* 125 Cal.App. 153, 167 [13 P.2d 1017]; *Estate of Barnett,* 97 Cal.App. 138 [275 P. 453]; *Mercantile Trust Co.* v. *San Joaquin Agricultural Corp.,* 89 Cal.App. 558 [265 P. 583].) It follows that there could have been no vacancy merely because of the consolidation. And without a vacancy, there would be no power in the court to appoint a substitute trustee.

Although the distinct corporate entity of Title Guarantee passed out of existence or became extinct upon the completion of the act of consolidation, its corporate activities did not cease but were continued and carried on through the new channel. (*Mercantile Trust Co.* v. *San Joaquin, supra.*) While the Title Guarantee merger with Title Insurance caused it to lose its identity as to its separate existence, yet it became an integral part of Title Insurance, and carried with it all of its rights, powers, liabilities, and assets "except the indicia and attributes of a corporate body distinct from that into which it is merged." (*MacElwain Co.* v. *Primavera,* 180 App.Div. 288 [167 N.Y.S. 815].) The consolidation did not create an entirely new entity but "merely directs the blood of the old corporation into the veins of the new, the old living in the new." (*Estate of Barreiro, supra.*)

**330**

■ Neither the reserved power of appointment by the parties nor appellant's wish to have the court exercise its power of appointment created a vacancy. Nothing could have created a vacancy except the resignation or removal of the trustee in the absence of an agreement on the part of the trustor and the beneficiary to agree upon a substitution. Upon their failure so to agree the present trustee remains in office and the superior· court has no jurisdiction under sections 2287 and 2289 Civil Code to make a substitution.

■ While paragraph B-7 makes its own procedure for substitution exclusive of all others, such is not available in the absence of a concord of the *cestui que* trust and the trustor. The necessity of their joinder in order to make a substitution renders inapplicable section 2934a. That section authorizes a substitution by the beneficiaries only. ■ But where by automatic succession resulting from a merger, the designated trustee is absorbed by the corporate mergee, there is no power in the court to divest the successor-trustee of its office and asset at the caprice of the *cestui que* trust. There is nothing in the deed of trust that would imply a desire on the part of the beneficiary and the trustor either to declare a vacancy in event of a merger or to supplant the mergee following the consolidation. An intention to do so would have been declared as emphatically as was the reservation in the deed of trust of the joint power to substitute. This was not done. ■ However, a power was reserved and it is not inconsistent with the scheme provided by section 31a of the Bank Act, Statutes 1913, page 152, Deering's General Laws of 1937, Act 652. Such power remains unimpaired for the parties to appoint a substitute trustee after the merger of the Title Guarantee with the Title Insurance. (*Mercantile Trust Co. v. San Joaquin, supra.*) The provision of section 31a making the succession to the trusteeship automatic distinctly denies to the superior court the power to make an appointment until the dissolution or merger of the Title Insurance or until its resignation or removal. Before or after such occurrence a substitution can be made only by the joint act of the *cestui que* trust and the trustor.

■ Moreover, appellant knew at all times the meaning of laws governing corporations, of their rights of dissolving and of merging. Such law entered into the contract between Mrs. Wiborg and appellant. By their contract they both

by implication assented to the right of Title. Guarantee to consolidate. Also, because they reserved power to substitute a trustee, they knew they did not thereby authorize the appointment of a new trustee in the event of the merger of their trustee with another corporation. (*Mercantile Trust Co.* v. *San Joaquin Agricultural Corp., supra.*)

█ Appellant argues that the trustor in making the trust adopted ''the full scheme for substitution of trustees prescribed in that act'' (citing *Estate of Barnett,* 97 Cal.App. 138 [275 P. 453]); that upon a consolidation a substitution could not occur ''until such time as a trustee is substituted by the exclusive method provided in the deed of trust.'' But we have shown above that the superior court may not dislodge such substitute trustee and appoint another. Should there be no removal or resignation of Title Insurance or a substitution by the joint act of appellant and Mrs. Wiborg, the court is powerless to act and the exclusive procedure of B-7 of the deed of trust is unavailing.

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 19, 1943.